## Pope vs. The State.

The testimony of a deceased witness, examined on a former trial on a criminal charge, may be proved on a second trial for the same offence.

*Appeal from Franklin Circuit Court.*

Hon. J. M. Wilson, Circuit Judge.

Walker, for the appellant.

The evidence of a deceased witness given on a former trial of this case should have been admitted. 3 *U. S. vs. Wood*, 3 *Wash. U. S. C. C. R.* 440 ; *Rex vs. Barber*, 1 *Root* 76 ; 12 *Wend.* 45 ; 12 *Serg. & R.* 34, 35.

Hollowell, Attorney General, for the State.

The proof offered, if admissible, was cumulative, and there was no error in its rejection. 1 *Dall.* 118; 3 *W. C. C. R.* 440; 4 *Rand.* 501; *Ros. Cr. Ev.* 28, *and notes.*

Mr. Justice Compton delivered the opinion of the Court.

David Pope was convicted of murder in the second degree, and sentenced to confinement in the penitentiary for the period of five years. His motion for a new trial was overruled, and he excepted, and appealed.

But one point is raised upon the record, and that is, as to the admissibility of certain evidence offered by the accused, and excluded by the court; and, inasmuch as the judgment must be reversed upon this point, and the cause remanded, in order that a new trial may be awarded, we will not comment upon the

evidence, nor state more of it than is necessary to make intelligible the question of law presented.

Gregg, the deceased, was shot by Pope with a pistol and died of the wounds inflicted, shortly afterwards. The shooting took place at Simpco's grocery, in Crawford county—Gregg standing in the porch, and Pope in the door leading from the porch into the grocery, at the time the pistol fired. On the trial, the accused endeavored to show that the killing was in necessary self-defence, and for that purpose, in connection with other evidence adduced, proposed, after proving the death of Mrs. Howard and Henry Heaton, to prove that Mrs. Howard testified on a former trial of the cause, that, on the morning of the day on which the difficulty occurred, she saw the deceased loading his pistol, and heard him say, that he intended to kill the accused before sun-down, which facts were communicated to the accused before the shooting; and that Heaton testified on a former trial, that the deceased, after repeatedly saying that he would kill the accused, (which was communicated to him,) took his position on the porch " with his hand resting on his pistol." But the court would not permit this evidence to go to the jury, upon the ground, as we infer from the bill of exceptions, that what a deceased witness testified on a former trial between the same parties, cannot be proven in a criminal case. To this, however, we cannot yield our assent.

True, *The State vs. Atkins*, 1 *Tenn.*, (*by Overton*) 229, and *Finn vs. The Commonwealth*, 5 *Rand.* 701, are cases in point and sustain the ruling of the court below, but these cases are unsound in principle and unsupported by authority. The former has been expressly overruled in *Kendrick vs. The State*, 10 *Humph·* 479, a subsequent decision of the same court. After showing that the Judges, in *The State vs. Atkins*, cited no authority and placed their decision upon the ground, that to admit such evidence would be a violation of Magna Charta, and the constitutional rights of the accused "to meet the witnesses face to face,'' the court, in *Kendrick vs. The State*, say: " But in what manner does the admission of such proof violate the right of the accused

to meet the witnesses against him 'face to face?' The evidence of the deceased witness was given on oath before the committing court, in the presence of the accused, who had the right to cross-examine; he is again present when that evidence is proved by the oath of other witnesses, and has the right to cross-examine." And the court finally concluded, that evidence of the character in question was legally competent. In the latter case, (*Finn vs. The Commonwealth*,) it seems the court could find no case where the rule, that what a witness, since deceased, testified on a former trial between the same parties, could be given in evidence, had been allowed in a criminal case, and held that it could not be done, citing *Peake* 60, who cites *Fennwick's case*, 4 *St. Trials*. In a note to the fourth American edition of Mr. Philip's work on evidence, p. 390, the learned annotators, speaking of Fennwick's case, say: "That was a proceeding in Parliament by bill of attainder, against Sir John Fennwick, for high treason. Lady Fennwick spirited away a material witness, who had sworn against Cook, on his trial for the same treason. It is true, that Peake relies on that case as proving that such evidence is inadmissible in a criminal proceeding: but he is followed by no other writer; and the case itself carried the rule even farther against criminals, than was ever done against a party in a civil cause. That case may be seen to this point, in 5 *Harg. St. Trials*, 62 *et seq*."

In *The Commonwealth vs. Richards*, 18 *Pick*. 430, which was an indictment for perjury, the constitutional question was raised, on the authority of *The State vs. Atkins*, and it was decided by the Supreme Court of Massachusetts, that on the trial before a jury, evidence to prove what a deceased witness testified on the preliminary examination of the accused before a justice of the peace, was competent, and the reason given is the same as that in *Kendrick vs. The State, supra*. In *The United States vs. Wood*, which was an indictment for robbing the mail, it was held that what a witness, since dead, swore at a former trial of the indictment, might be proved by a person who was present

and heard the testimony ; in this case, no distinction between civil and criminal cases was insisted on in the argument. To the same effect is the case of *The State vs. Hooker*, 17 *Vermt*. 658; and in *Crary vs. Sprague*, 12 *Wend*. 45, Mr. Justice Nelson expressed the opinion that such evidence is admissible in a criminal case. See, also, *Russ. on Cr., vol.* 2 *p.* 752.

It is unnecessary to notice the objection, that a new trial ought not to be awarded because the evidence excluded was cumulative, and there was sufficient without it to support the verdict, or to express any opinion upon the point; for the reason, that though the evidence in the record, abundantly shows threats made by the deceased and communicated to the accused before the killing, still there is none showing that the deceased took his position on the porch of the grocery with his hand resting on his pistol—and we cannot say that this fact, if proven, would have had no influence on the jury.

Let the judgment be reversed, and the cause remanded, with instructions to grant the appellant a new trial.