LYCURGUS G. STEWART, APPELLANT, VS. SARAH A. STEWART, APPELLEE.

1. A deed signed by the grantor and attested by two witnesses, and delivered to the grantee (a married woman) or to her husband, is good as between the parties, though the acknowledgment taken by a Justice of the Peace out of his own county may be invalid.

2. Parol evidence that one party "conveyed the land" to another, in a suit in equity involving the question of title, is not sufficient to prove a conveyance in fee.  It is only when the deed is lost or destroyed, or is withheld by the other party to the suit, that parol evidence is admissible to prove the due execution and the contents of the instrument.

3. Parol proof of a deed of conveyance, when admissible, must clearly show the due execution of the deed and so much of its contents as will enable the court to determine the character of the instrument, the identity of the property, and the quantity and quality of the estate conveyed.

4. Where a party files a bill to quiet the title to land, or to prevent or remove a cloud, it is necessary to establish his legal title as against the claim of the party defendant.

5. Neither a party to a suit nor his assignor or grantor should be

allowed to testify to transactions or communications between such persons and a person deceased, as against an heir at law, legatee or devisee of the deceased, except where the last named persons have testified in respect to the same transactions or communications, and a court of equity will disregard testimony given in violation of this statutory rule, though no objection was made to its introduction. McClellan's Digest, 318, Section 24; Tunno vs. Robert, 16 Fla., 750.

6. Decree (as to title of land) reversed without prejudice to the right of complainant to assert or maintain any legal title she may have in any other suit or proceeding.

Appeal from the Circuit Court for Marion county.

The facts of the case are stated in the opinion.

*S. D. McConnell* for Appellant.

*W. W. Hampton* and *John G. Reardon* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

This is a suit brought by Mrs. S. A. Stewart, appellee, to enjoin Lycurgus G. Stewart from taking certain proceedings before the County Court in the matter of the estate of her husband, Richard A. Stewart.

By an amended bill she seeks the decree of the court declaring certain real estate to be her separate property and her estate of inheritance, and that she be not further annoyed by the interference of parties claiming as heirs or legatees. The decree sustains the prayers of the original and amended bills.

To support her claim she produces a deed executed by Calvin W. Keep and wife to herself, dated October 6, 1875, conveying the property to her in fee simple. This deed was objected to as evidence on the grounds—1, that no precedent title was shown in Keep, and 2, that the deed was not executed and authenticated in the manner required by law. This objection goes only to the manner of its authen-

tication, and not to the actual execution of the deed by the grantors. It is signed and sealed by the grantors in the presence of two subscribing witnesses. It appears by the certificates of acknowledgment and proof and by the testimony in the case that the Justice of the Peace certifying the same was an officer of Alachua county, and that he took the acknowledgment and proof and certified the same within the county of Marion. This act of the Justice beyond his territorial jurisdiction may be void, but yet the deed is good *inter partes.* As such it was proper evidence as a link in the chain of title. The complainant is in possession of the land. She testifies that she had the deed in her possession on the day of its execution, and put it in her trunk. After her husband's death it was found among his papers, and she then had it put upon record. From all the evidence in the case the deed seems to have been executed and delivered by Keep to Stewart, or to his wife, for the purpose of conveying all the legal title with which Keep was invested to Mrs. Stewart, and there was no error in so receiving it.

On the part of the defendants there was put in evidence a deed of the land in question executed by Ellis, executor of the estate of Paul McCormick, to Richard A. Stewart, dated October 5, 1875.

Also another deed by Ellis, executor, &c., of Paul McCormick, to Richard A. Stewart, dated December 1, 1874.

As to these two deeds, while the description of the various lots are not identical in words, they doubtless refer to the same lands, and the last deed in the order of date may have been made to correct some fault in the deed first executed. There is no explanation in the record.

There was also a deed in evidence executed by Calvin W. Keep and wife to Richard A. Stewart dated September 15, 1876, conveying the same lands.

For the purposes of this case it is thus shown that the title was conveyed to R. A. Stewart by the executor of Mc-Cormick. This is the origin of the title claimed on either side.

There is no conveyance in evidence vesting the title in Keep or his wife. Keep testifies that Stewart bought the land of McCormick's executor. He also testifies that Stewart conveyed it to him before he conveyed to Mrs. Stewart. Mrs. Stewart testifies that she has no knowledge as to how Keep obtained a title to the land, but she had been informed of it by some one. George W. Wilson testifies that Mr. Stewart repeatedly told him that " Oak Lawn," the place where they resided and the property in dispute, had been and was deeded to his mother, complainant, and she should never be troubled in regard to it. Lycurgus G. Stewart, defendant, testified that he was informed by his brother, Richard A. Stewart, that soon after he purchased the property from Ellis he conveyed it to C. W. Keep to keep his creditors in Louisiana from getting hold of it whilst he was absent in the West Indies.

This is substantially all the testimony as to the title of C. W. Keep or his wife.

There are in the record copies of two papers purporting respectively to be the last will and testament of R. A. Stewart. The first gives all his property absolutely to Mrs. Stewart, complainant. This is dated February 16, 1877, was proved before the County Judge, and Mrs. Stewart appointed administratrix. The second will is dated September 15, 1879, and was admitted to probate November 4, 1880, and the probate and letters upon the first will were revoked, from which proceedings an appeal was taken, and is now pending in the Circuit Court. By the terms of the will last made Mrs. Stewart has an estate for life in all the real and personal property, and at her death it is to go

to her son, George W. Wilson, his stepson, and Owen C. Stewart and Lycurgus G. Stewart, his brothers, and to their heirs, &c.; the "Club Orange Grove" to Richard A. S. Abbott; a legacy of $1,000 to Owen C. Stewart, and support during the life of Mrs. Stewart, to be provided by her, to Lycurgus G. Stewart.

From this we discover that Mrs. Stewart, George W. Wilson, her son, and Lycurgus G. Stewart, are interested in the event of this suit. The statute provides that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives any interest or title by assignment or otherwise, shall be examined as a witness in regard to any transaction or communication between such witness and the person at the time of such examination deceased, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, unless the opposing party shall have been examined in his own behalf touching such transaction or communication. Laws of 1874, Ch. 1983, Sec. 1; McClellan's Digest, 318, §24.

All the testimony of Mrs. Stewart, George W. Wilson, Lycurgus G. Stewart and C. W. Keep relating to transactions and communications had with R. A. Stewart in his lifetime was inadmissible. A large portion of their testimony was of the character which the statute says shall not be received in this suit. "The statute expressly provides that no such person shall be 'examined as a witness' in regard to such communication or agreement of the deceased party, and while we perceive no objection by the plaintiff in this record to such examination, still in a suit in equity we deem it our duty to regard and enforce the express provision of the statute covering the subject." Tunno vs. Roberts, 16 Fla., 750.

There was no legal evidence of the existence of any conveyance by R. A. Stewart to C. W. Keep or his wife of these lands in the testimony of those witnesses. No witness testifies to the actual existence of such a deed except Keep, there is no testimony showing whether it was witnessed, and there is no evidence as to its present existence or its loss, or that it is in the possession of the other party, nor other reason why it is not produced, nor is there any foundation for the introduction of testimony as to its contents. Nor indeed is there a word of legitimate testimony as to the identity, quality or quantity of the estate conveyed to Keep.

In this condition of things no court can properly recognize a title in Keep. Even if the loss or destruction of the alleged deed from Stewart to Keep had been shown, the proof here falls short of showing the purport of it. " The substance of the agreement ought to be proved satisfactorily ; and if that cannot be done the party is in the condition of every other suitor in court who makes a claim he cannot support." Taylor vs. Riggs, 1 Pet., 600.

In the case of Metcalf vs. VanBenthuysen, 3 N. Y. Rep., 424, the court, in deciding a similar question, places its decision " upon the ground that a title to lands duly authenticated by written evidence ought not to be set aside on the assumption of a previous lost conveyance, except upon clear proof by the claimant of the execution and existence of the supposed deed, and of so much of its contents as will enable the court to determine the character of the instrument. The complainant's proof falls short of this, and it is therefore unnecessary to consider whether the loss of the deed is shown satisfactorily."

The decree of the chancellor confirming the master's report as to the matters alleged in the amended bill, and declaring " that the said Sarah A. Stewart holds in her own

right the legal and equitable title and ownership in and to the said real estate, and all and every the improvements thereon free from the claims or demands of the estate of R. A. Stewart, deceased," and its results and consequences and annulling the deed of C. W. Keep and his wife to R. A. Stewart, dated 15th September, A. D. 1876, as a cloud upon her title, is reversed without prejudice, however, to the right of the complainant, Sarah A. Stewart, to assert or defend any title or interest she may have in the property in controversy in any other suit or proceeding.