G. B. KNOWLES, Executor of the Last Will and Testament of Mary Ella Boyette, deceased, *Plaintiff in Error,* vs. S. DAVIS BOYLSTON, *Defendant in Error.*

137 So. 6.

Division A.

Opinion filed October 9, 1931.

*J. Henry Taylor*, for Plaintiff in Error;

*Marion B. Jennings*, for Defendant in Error.

BUFORD, C.J.—This was a suit by defendant in error against the plaintiff in error in his representative capacity wherein the declaration was in three common counts based upon an alleged obligation originating in the lifetime of Mary Ella Boyette, the deceased testatrix, from her to the plaintiff. During the progress of the trial the plaintiff was allowed over the objection of the defendant to testify concerning a transaction between himself and the decedent in violation of the provisions of section 2705 R. G. S., 4372 C. G. L. This section was section 1095 Revised Statutes. Construing that section this Court in the case of Chappin et al. vs. Mitchell, 44 Fla. 225, 32 Sou. 875, said:

> "Transactions and communications embrace every variety of affairs which can form the subject of negotiation, interviews or actions between two persons, and include every method by which one person can derive impressions or information from the conduct, condition or language of another; and in a case where such transactions or communications were had between a party to a suit, or one interested in the event thereof, and a party dead, lunatic or insane at the time they are offered in evidence, they can not be testified to by such party to the suit or by any one interested in the event thereof, under the proviso to section 1095, Revised Statutes, except as to matters properly a part of the suppletory oath in connection with books of account offered in evidence under the provisions of section 1120, Revised Statutes."

It also appears from the record that the same witness was allowed to testify as to conclusions of law in that he was allowed to testify over the objection of the defendant that the decedent was indebted to him, the plaintiff, in a stated amount. The witness did not testify to the facts showing how the alleged obligation was created and show-

ing its existence because of the inhibition of section 2705 R. G. S., 4372 C. G. L. This inhibition could not be overcome by testimony which was merely the conclusion of the witness that the decedent was indebted to him.

For the reasons stated the judgment should be reversed and it is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.