CHARLES W. HABIG v. ELLA S. BASTIAN, as Executrix.

158 So. 508.
En Banc.
Opinion Filed January 4, 1935.
Petition for rehearing denied Jan. 29, 1935.

*Marshall F. Sanders* and *John M. Murrell,* for Plaintiff in Error;

*E. L. Lockhart* and *Hudson & Cason,* for Defendant in Error.

ELLIS, J.—An action was brought by Charles W. Habig against Harry S. Bastian upon an alleged transaction which occurred between the parties in which Bastian became indebted to Habig in the sum of sixteen thousand, two hundred and fifty dollars, so Habig asserts.

The declaration consisted of six counts. The first two counts were for an alleged breach of a simple contract for the sale of certain lots of land in Hollywood, Florida. The remaining four counts were common counts for money lent and money paid by the plaintiff for the defendant for money received by the defendant for use of the plaintiff, and on account stated.

Demurrers to the first two counts were sustained and the parties went to trial on the general issue and the statute of limitations.

There were two trials of the case. At the first trial Mr. Habig testified fully to the transaction between him and Mr. Bastian in which the money was paid to Bastian by Habig for the lots and Bastian's failure to convey the lots to Habig or return the money.

When the trial came on the second time Mr. Bastian had

died. Ella S. Bastian became his executrix and the cause proceeded in her name.

At the second trial Habig offered to testify to the transaction between him and Bastian as he had done before but objection was made to the testimony upon the ground that such communications were excluded by the statute which prohibits a party to an action or any person interested in the event thereof from being examined as a witness in regard to any transaction or communication between such witnesses and a person who at the time of such examination is dead, against the executor of such deceased person. Section 4372 C. G. L. 1927.

The objection was sustained. Habig offered a certified copy of a transcript of the stenographer's notes of Habig's testimony "direct, cross, redirect, recross and recalled," which he gave in the first trial of the case. The deputy official court reporter, Mr. W. H. Hurtenbach, certified that the document proffered in evidence was a true and correct transcript of the stenographer's notes of the testimony of Charles Habig given before Honorable Uly O. Thompson, one of the judges of the Circuit Court for Dade County, during the trial of the case in June, 1932. Hurtenbach acknowledged the execution of the certificate before a notary public.

The judge sustained an objection to the proffered evidence. In the order sustaining the objection the judge stated that he was satisfied that the report of the evidence taken at the former trial was correct and accurate. That statement we construe to mean that the document in evidence contained an accurate report of the testimony of Habig as given by him at the former trial when Bastian was alive.

Other evidence was offered by the plaintiff Habig. The judge ruled that the evidence was insufficient to support

a verdict for the plaintiff and instructed the jury to return a verdict for the defendant.

A motion for a new trial was made and overruled and judgment entered for the defendant. To that judgment the plaintiff took a writ of error.

At the first trial of the case there was a verdict for the plaintiff but on April 7, 1933, the court granted the defendant's motion for a new trial. About six weeks afterwards the plaintiff filed a suggestion of the death of the defendant Bastian and in October following the court ordered that the cause proceed in the name of the administratrix of Bastian's estate, Mrs. Ella R. Bastian.

Section 4372 C. G. L., *supra,* has been many times under consideration by this Court. The section has been construed to remove the common law disability of witnesses by reason of interest. See Munroe v. Carroll, 80 Fla. 206, 86 South. Rep. 193; Shoemaker v. Powers, 78 Fla. 20, 82 South.. Rep. 751; Belote v. O'Brian's Admr,' 20 Fla. 126; Stewart v. Stewart, 19 Fla. 846.

The two cases last above cited definitely uphold the letter of the statute. See also Johnston v. Thomas, 93 Fla. 67, 111 South. Rep. 541; Madison v. Robinson, 85 Fla. 321, 116 South. Rep. 31; LeBlanc v. Yawn, 99 Fla. 328, 126 South. Rep. 789; Knowles v. Boyleston, 103 Fla. 20, 137 South. Rep. 6; Catlett v. Chestnut, 107 Fla. 498, 146 South. Rep. 241.

The question presented here involves the law relating to the subject of the admissability of former testimony, by which term is meant evidence already given by oral testimony or deposition on a former hearing of a cause then pending in a judicial tribunal. Former testimony is original evidence in weight the equivalent of a new deposition when preserved in the shorthand notes of an official court reporter. See Wright v. Tatham (K. B.) 1 Ad. & El. (Eng.)

3; Strutt v. Bovingdon, 5 Esp. (Eng.) 56; Minneapolis Mill Co. v. Minneapolis & St. Louis Ry. Co., 51 Minn. 304, 53 N. W. Rep. 639; United States v. Macomb, 5 McLean 286, 26 Fed. Cas. No. 15, 702.

· The admission of the testimony of a witness on a former trial is frequently inaccurately spoken of as an exception to the rule against the admission of hearsay evidence. The analogy is not at all perfect. Objections to hearsay evidence consist of the want of the sanction of an oath and of an opportunity to cross examine the witness. These two objections do not apply where former testimony is sought to be introduced in evidence. In the latter case the testimony is taken down word for word at a former trial and preserved. The testimony is taken in open court in the presence of the parties and witnesses under the supervision of the trial judge under oath of the witness where there is full opportunity to examine and cross examine the witness, to search his motives, appeal to his conscience and test his recollection and the accuracy of his statements. So taken it must be as high an order of testimony as a deposition taken upon interrogatories in the private office of a notary public or some like officer.

Under our system where the words of a witness are taken down as they fall from his lips and are recorded by an official stenographer, who performs his duties under the sanction of an oath, the written testimony being preserved, is likely to be more satisfactory than a deposition. Such were the views of the Kansas Supreme Court. See Atchison T. & S. F. R. Co. v. Osborn, 64 Kan. 187, 67 Pac. Rep. 547, 91 Am. St. Rep. 189.

· There exists some difference of opinion as to the admissibility of such evidence, but the affirmative of the proposition seems to be more generally held than the negative side.

One reason for the admission of such evidence is that the statement of the witness in the former trial was evidence between the parties and as circumstances have intervened which prevent the securing of his presence at the second trial, his former testimony being unattainable, this secondary grade of evidence is admissible. See Kelly v. Connell, 3 Dana. (Ky.) 532.

Other courts hold that no injustice can result from the adoption of the rule, as the testimony was not only given under oath but was judicially given at the trial between the same parties and on the same issue and the persons affected enjoyed the invaluable right of cross examination. Bowie v. O'Neale, 5 Md. 226.

Another theory is that the former testimony having been given under the solemnity of an oath where the opportunity for cross examination was present the probabilities of the truth having been told are so great as to justify the resort to that testimony where the witness has died or become insane since the former trial. Deering v. Schreyer, 88 App. Div. 457, 85 N. Y. Supp. 275.

Many states have statutes admitting such evidence; California, Montana, Oregon, Georgia, Kentucky, but such statutes have been said to be declaratory of the common law. See Reynolds v. Fitzpatrick, 28 Mont. 170, 72 Pac. Rep. 510.

It is of course required that a party seeking to introduce the testimony of a witness given upon a former trial must first introduce preliminary evidence of the existence of the reasons for its introduction. The rule applies in criminal cases. See Lowe v. State, 86 Ala. 47, 5 South. Rep. 435; Thompson v. The State, 106 Ala. 67, 17 South. Rep. 512; People v. Murphy, 45 Cal. 137; People v. Elliott, 172 N. Y. 146, 64 N. E. Rep. 837, 60 L. R .A. 318.

Some of the grounds for admitting proof of the former testimony of a witness are death of the witness. Rex v. Carpenter, (K. B.) 2 Shower, 47; Pyke v. Grouch, 1 (K. B.) Raym, 730; Cocker v. Farewell, 2 P. Wms. 563; United States v. White, 5 Cranch C. C. 457, 28 Fed. Cas. No. 16, 679; Goodlet v. Kelly, 74 Ala. 213; Torrey v. Burney, 113 Ala. 496, 21 South. Rep. 348; Pope v. State, 22 Ark. 372; insanity, incapacity on account of insanity; Marler v. State, 67 Ala. 55, 42 Am. Rep. 95; Lucas v. State, 96 Ala. 51, 11 South. Rep. 216; Cook v. Stout, 47 Ill. 530; Howard v. Patrick, 38 Mich. 795; bodily infirmity which renders attendance at court dangerous or unduly burdensome; The Central Railroad & Banking Co. v. Murray, 97 Ga. 326, 22 S. E. Rep. 972; sickness with inability to attend; Kinsman v. Crooke, 2 (K. B.) Ld. Raym. 1166; Chase v. Springvale Mills Co., 75 Me. 156; Emig v. Diehl, 76 Pa. St. 359. Where a witness has become disqualified by supervening interest the authorities are somewhat divided, some courts holding that the competency of the deposition is not determined by the competency of the witness at the former hearing, but by his competency at the time of the subsequent trial whereat the former deposition is offered in evidence. See St. L., I. M. & S. Ry. v. Harper, 50 Ark. 157, 6 S. W. Rep. 720, 7 Am. St. Rep. 86.

In Pratt v. Patterson, 81 Pa. St. 114, the court held that where the plaintiff had testified and the verdict was set aside, the plaintiff discontinued the action and commenced another suit against the defendant on the same cause of action and the defendant afterwards died and his executors were substituted, the plaintiff was not a competent witness, but the notes of his testimony taken on the former trial might be read in evidence.

The better reasoning is that the testimony of a witness taken at a former trial, where it is taken under the sanctity

of an oath, under the supervision of the judge where the opposite party has full opportunity for cross examination, is treated as a deposition which may be read in evidence on a second trial of the same case.

The rule has been recognized in this State. See Putnal v. State, 56 Fla. 86, 47 South. Rep. 854. In that case the Court, speaking through Mr. Chief Justice SHACKLEFORD, said : " 'But the testimony thus offered is open to all the objections which might be taken if the witness were personally present' " (text 94). That qualification, however, evidently does not relate to the competency of the evidence, but only to its relevancy and materiality.

The question is by no means settled, however, the point of divergence being upon whether the competency of the witness' testimony as given on the former trial when offered in the second is determined by the competency of the witness when the testimony is offered at the second trial. Many jurisdictions hold to the affirmative but the more generally accepted rule and the one which we deem to be more consonant with right and justice and reason is that the testimony given under the conditions named is admissible on a second trial when the witness has become disqualified to testify on account of the death of the adversary party.

When such evidence is offered it is not testimony that could have been fabricated after the death of the adverse party whose interests might be injuriously affected thereby. When taken the parties stood on an equal footing. Each had the right to perpetuate his own testimony. See full discussion of the subject in 5 Ency. of Evidence under the title of Former Testimony.

A majority of the members of the Court are of the opinion that the proffered evidence was admissible. The court erred in excluding it. For that error the judgment is reversed.

Davis, C. J., and Whitfield, Terrell, Brown, and Buford, J. J., concur.

Brown, J. (concurring).—The reasoning and conclusion reached in the foregoing opinion are fortified by the provisions of Section 4394 C. G. L.