PER CURIAM.
Plaintiff-appellant seeks review of a judgment entered in accordance with motion for directed verdict in an action to recover on an oral contract. Plaintiff, Harris Cohen, filed a complaint against Honey Glickman individually and Honey Glickman d/b/a Honey’s Boutique, Inc., a Florida corporation, to recover the balance due under an oral agreement whereby plaintiff agreed to decorate and refurbish defendant’s new shop, Honey’s Boutique, in Surf-side, Florida, and in exchange therefor, defendant agreed to pay plaintiff the cost of labor and materials plus 20% thereof as a fee. Defendant answered and pretrial discovery commenced, during the course of which defendant Honey Glickman was deposed by counsel for plaintiff. However, prior to trial Honey Glickman died and her husband, Abe Glickman, as executor of her estate, was substituted as party defendant. At the jury trial, plaintiff Cohen testified as to the agreement which he entered into with Honey Glickman and the failure of the defendant to pay the balance due of over $8,000 for his services. Counsel for plaintiff also read to the jury the deposition testimony of Honey Glickman. At the close of plaintiff-appellant’s case, defense counsel moved for a directed verdict on the ground that the plaintiff had failed to prove a prima facie case against the estate of Honey'Glickman and the trial judge reserved ruling on the motion. Defendant presented no testimony and the cause then was submitted to the jury which returned a verdict in favor of the plaintiff in the sum of $9,933.23 plus interest against Honey Glickman individually and Honey’s Boutique, Inc. Thereafter, defense counsel moved for a judgment in accordance with defendant’s motion for a directed verdict and as grounds therefor alleged that plaintiff was completely disqualified and barred from tendering any evidence as to any transaction by and between himself and Honey Glickman by virtue of the Dead Man’s Statute [§ 90.05, Fla.Stat.], and thereby is precluded from proving the assent of defendant to any agreement. The trial judge entered a final judgment directing a verdict in favor of the defendant, Abe Glickman, as executor of the estate of Honey Glickman, and set aside the jury verdict. Plaintiff appeals therefrom. We reverse.
RCP 1.330(a)(3) provides in part as follows:
“Rule 1.330. Use of Depositions in Court Proceedings
“(a) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding any part or all of a deposition may be used against any *320 party who was present or represented at the taking of the deposition or who had reasonable notice of it so far as admissible under the rules of evidence applied as though the witness were then present and testifying in accordance with any of the following provisions.
* * * * * *
“(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; .” [Emphasis Supplied]
Thus, it is abundantly clear that the deposition of defendant Honey Glickman was admissable at the trial. See also Habig v. Bastían, 117 Fla. 864, 158 So. 508 (1935). In addition, plaintiff’s testimony as to the communications with the defendant was also admissable pursuant to the following portion of § 90.05, Fla.Stat.:
“90.05 Witnesses; as affected by interest
“ . . . but this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, as-signee, legatee, devisee, survivor or committeeman shall be examined on his own behalf, or as to which the testimony of such deceased person or lunatic shall be given in evidence.’’ [Emphasis Supplied]
We further conclude that the issue of defendant Honey Glickman’s individual liability properly was submitted to the jury and there was competent substantial evidence to support the jury's determination that she was personally liable. Cf. Hilkmeyer v. Latin American Air Cargo Expediters, Inc., Fla. 1957, 94 So.2d 821.
Accordingly, the judgment herein appealed is reversed and the cause remanded with directions to reinstate the jury’s verdict and to enter judgment thereon.
Reversed and remanded.