382 So.2d 322 (1979)
Ivory R. BRINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 79-347.
District Court of Appeal of Florida, Second District.
December 12, 1979.
*323 Jack O. Johnson, Public Defender, and David A. Davis, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
BOARDMAN, Acting Chief Judge.
Ivory Brinson appeals her conviction for robbery, contending that the trial court erred in not allowing her to introduce hearsay testimony under the declaration against interest exception to the hearsay rule. We agree and reverse.
On July 31, 1978, at approximately 1:30 a.m., Ambrose Liming was sitting on a bench in a park in downtown St. Petersburg, when a white male and a black female sat down on either side of him. Suddenly Liming was struck on the back of the head. Liming, who was robbed while unconscious from the blow, was unable to identify who struck him because the blow came from *324 behind. However, Robert Brown testified at trial that he was sitting on a nearby bench when the attack occurred and that the black "male" beside Liming had struck the actual blow. Brown also testified that the same black "male" had then searched through Liming's pockets while Liming lay on the ground.
Appellant, a black female, and John Townsend, a white male, were arrested by a St. Petersburg police officer shortly after the attack on Liming, primarily upon the basis of Brown's description of the culprits. Prior to appellant's trial Townsend pled guilty. At trial, appellant sought to call Townsend as a defense witness, but Townsend pled the Fifth Amendment and refused to testify. The trial court correctly sustained Townsend's objection to testifying because Townsend had not yet been sentenced and his testimony could have resulted in the imposition of a more severe sentence than would otherwise have been imposed. Appellant then attempted to have Officer Julien of the St. Petersburg Police Department testify that he had questioned Townsend shortly after the latter's arrest, and that Townsend had informed Julien that he had struck Liming. The trial court, however, considered Julien's testimony to be hearsay and refused to admit it. At the conclusion of the trial, appellant was convicted of robbery as charged.
The general rule against the admission of hearsay statements is that all out-of-court statements offered for the truth of the matter asserted are inadmissible. See Collins v. State, 65 So.2d 61 (Fla. 1953); 13 Fla.Jur. Evidence § 209 (1957). The primary purpose of the exclusion of hearsay testimony is that the opposing party has no opportunity to cross-examine the out-of-court declarant, and is thereby deprived of the opportunity to expose deceit and errors in the statement. Habig v. Bastian, 117 Fla. 864, 158 So. 508 (1935); 5 J. Wigmore, Evidence § 1362 (Chadbourn rev. ed. 1974).
Even without the opportunity to cross-examine, however, some out-of-court statements are simply so inherently reliable that courts have created specific exceptions to the hearsay rule and admitted certain classes of out-of-court statements into evidence. Thus, the general rule of exclusion of hearsay has been undermined to a considerable extent by a substantial number of exceptions. See, e.g., Fed.R.Evid. 803, 804.
One of the exceptions to the hearsay rule is the declaration against interest. Baker v. State, 336 So.2d 364 (Fla. 1976). It has long been established that an out-of-court declaration may be admitted into evidence, even for the truth of the truth of the matter asserted, if two requirements are met. First, the out-of-court declarant must be unavailable to testify. Second, the out-of-court declaration must be contrary to the "interests" of the declarant. We find the first requirement was met here because the trial court sustained Townsend's assertion of a Fifth Amendment privilege, thus making Townsend "unavailable." See People v. Brown, 26 N.Y.2d 88, 308 N.Y.S.2d 825, 257 N.E.2d 16 (1970). Accordingly, the only question remaining is whether Townsend's statement against his penal interest satisfies the second requirement.
Although the admission against interest exception was initially limited to statements contrary to the declarant's pecuniary or proprietary interests, the Florida Supreme Court has expanded the exception to include statements against penal interest. Baker v. State, supra.[1] We hold, therefore, that the out-of-court statement by Townsend is within the declaration against interest exception to the hearsay rule and Officer Julien should have been allowed to testify concerning it. Moreover, because this statement tends to cast doubt upon the eyewitness account given by Robert *325 Brown, it cannot be said that the trial court's ruling constitutes harmless error.
Accordingly, we REVERSE and REMAND with instructions to grant appellant a new trial.
RYDER and DANAHY, JJ., concur.
NOTES
[1] We are aware that Section 90.804(2)(c), Florida Statutes (1977), currently modifies the ruling in Baker v. State, 336 So.2d 364 (Fla. 1976) by requiring outside corroborating circumstances indicating the truthfulness of the statement. This statute was not in effect, however, until after the trial court's ruling in this case Accordingly, the statute is not applicable to the present appeal.