J-S12001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MOISESH ISHMAEL CRUZ | : | |
| | : | |
| Appellant | : | No. 56 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 1, 2023
In the Court of Common Pleas of Lehigh County
Criminal Division at No:  CP-39-CR-0000179-2023

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 27, 2025**

Appellant, Moisesh Ishmael Cruz, appeals from his judgment of sentence of 11-36 months' imprisonment for possession of a controlled substance (marijuana) with intent to deliver ("PWID").  He claims in this appeal that his guilty plea was not knowing, intelligent, or voluntary and his sentence was illegal.  Appellant's counsel seeks permission to withdraw and has filed an **Anders**[1] brief in which she concludes that all issues lack merit.  We grant counsel's application for leave to withdraw, and we affirm.

The Commonwealth summarized the evidence against Appellant as stated during his guilty plea hearing:

> [O]n . . . January 6 of 2023, members of the Lehigh County Probation Department went to the [Appellant]'s probation registered address at 137 South 6th Street, Apartment A32.  At that point in time, immediately upon being admitted to the

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

location, they did smell fresh marijuana, that they knew the [Appellant] did not have a card to possess marijuana for medical purposes nor did the other adult resident which is his girlfriend. Based on that, they contacted a supervisor, and they were given permission with reasonable suspicion under the statute to search the residence. During the search of the residence, they did find additional bottles of marijuana as well as packaging materials for marijuana in a closet in the living room. There was also packaging material of the same type in a closet in a bedroom identified as the [Appellant]'s by the male clothing as well as his probation parole documents.

N.T. 9/18/23, at 13.

On September 18, 2023, Appellant appeared before the court and pled guilty to PWID. In exchange for Appellant's plea, the Commonwealth agreed not to proceed on other drug charges and a firearms charge and further agreed that Appellant's minimum sentence would be in the standard range of the Sentencing Guidelines. On November 1, 2023, following a presentence investigation and sentencing hearing, the court sentenced Appellant to the sentence reference above. Appellant filed a timely post-sentence motion, which was denied, and a timely appeal.

Following his appeal, Appellant filed a *pro se* concise statement of matters complained of on appeal. The attorney who represented Appellant during sentencing moved to withdraw. The court permitted counsel to withdraw and appointed new counsel to represent Appellant in this appeal. New counsel filed a motion in this Court requesting a remand so that he could file a new concise statement of matters complained of on appeal. On May 3, 2024, this Court remanded this case to the trial court with leave for new counsel to file a concise statement. On May 30, 2024, new counsel filed a

- 2 -

concise statement. The trial court thereupon filed a Pa.R.A.P. 1925 opinion addressing the issues in that concise statement.

On December 10, 2024, new counsel filed an *Anders* brief along with an application to withdraw as counsel. The *Anders* brief raised a single issue, "Whether the appeal is wholly frivolous?" *Anders* Brief at 4. The brief goes on to argue that the two issues Appellant wanted to raise on appeal, a challenge to Appellant's guilty plea and a challenge to his sentence, are frivolous.

Before proceeding further, we must address whether new counsel has complied with *Anders* and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). *See Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa. Super. 2013); *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) ("When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw").

In *Commonwealth v. Orellana*, 86 A.3d 877 (Pa. Super. 2014), this Court directed:

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous.

Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.  Counsel also must provide a copy of the ***Anders*** brief to his client.  Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief.

***Id.*** at 879-80.  New counsel's brief complies with these requirements by (1) providing a summary of the procedural history and facts with citations to the record; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous.  In addition, new counsel sent his brief to Appellant with a letter advising him of the rights listed in ***Orellana***. Accordingly, all ***Anders*** requirements are satisfied.

We now examine the issues new counsel identified in the ***Anders*** brief and conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*).  "If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).  If there are non-frivolous issues, we will deny new counsel's petition to withdraw and direct him to file an advocate's brief. ***Id.***

We agree with new counsel that Appellant's challenge to his guilty plea is frivolous.  When a defendant enters a guilty plea, it is presumed that he

- 4 -

was aware of what he was doing, and he carries the burden of proving the plea was involuntary. *Commonwealth v. Lewis*, 708 A.2d 497, 502 (Pa. Super. 1998). After sentencing, the court can permit the defendant to withdraw a guilty plea only when he makes a showing of prejudice that amounts to manifest injustice. *Id.* at 502-03. To prove manifest injustice, the defendant must show that his plea was involuntary or unknowing. *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999). To ascertain whether the defendant entered into a guilty plea knowingly, intentionally, and voluntarily, a reviewing court must examine the guilty plea colloquy, focusing specifically on the trial court's inquiry into six areas: (1) the nature of the charges; (2) the factual basis of the plea; (3) the right to a trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence. *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002); Comment, Pa.R.Crim.P. 590. The adequacy of a guilty plea colloquy and the voluntariness of the resulting plea must be examined under the totality of the circumstances surrounding the entry of the plea. *Muhammad*, 794 A.2d at 383-84.

Here, at the beginning of the plea hearing, defense counsel set forth the plea agreement. In exchange for Appellant's plea of guilty to PWID, the Commonwealth agreed not to proceed on the remaining charges and that defendant's minimum sentence would be in the standard range of the Guidelines. N.T. 9/18/23, at 2-3. Appellant affirmed that this was his

understanding. *Id.* at 4. The lower court informed Appellant as to the maximum sentence he could receive for this crime, and Appellant confirmed that he understood. *Id.* During the lower court's oral colloquy, Appellant averred that he reviewed the written colloquy with the assistance of counsel and understood all of the rights he was giving up by pleading guilty. *Id.* at 4-6. He further affirmed that no one was forcing him to plead guilty and that he had not received any promises from anyone in return for his plea. *Id.* at 21. The prosecutor set forth the facts supporting Appellant's plea, which Appellant affirmed were correct. *Id.* at 13-20. Appellant also signed a detailed written guilty plea colloquy which thoroughly explained all the rights he was relinquishing by entering his plea. Certified Record, Item 11.

Based on the totality of the circumstances, including the court's comprehensive oral colloquy which was supplemented by Appellant's written colloquy, Appellant's guilty pleas were knowing, intelligent and voluntary. *Commonwealth v. Sauter*, 567 A.2d 707, 708-09 (Pa. Super. 1989) (where written plea colloquy supplemented oral colloquy, it strongly suggests that appellant's plea was knowing and intelligent).

We also agree with new counsel that Appellant's challenge to his sentence is frivolous. To begin, the court imposed a legal sentence. Appellant pled guilty to PWID under 35 P.S. § 780-113(a)(30). The maximum sentence authorized by law for this offense is five years' imprisonment. 35 P.S. § 780-113(f)(2). Appellant received a sentence of eleven months to three years' imprisonment, within the boundaries prescribed under Section 780-113(f)(2).

Nor did Appellant's sentence constitute an abuse of discretion. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. *Commonwealth v. Glawinski*, 310 A.3d 321, 325 (Pa. Super. 2024). A sentencing court will not be deemed to have abused its discretion "unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Id.* at 326. "When imposing a sentence, the sentencing court must consider the factors set forth in 42 Pa.C.S.[A.] § 9721(b), including the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Commonwealth v. Lawrence*, 313 A.3d 265, 286 (Pa. Super. 2024). Moreover, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *Id.*

Here, Appellant's prior record score was a three and the offense gravity score was three. 204 Pa. Code § 303.15. Accordingly, the standard range of the Guidelines recommended a minimum sentence of less than twelve months' imprisonment. 204 Pa. Code § 303.16. Appellant's minimum sentence of eleven months is within the recommended standard range. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013). As such, a sentencing court shall be deemed to have abused its discretion "only if

application of the guidelines is clearly unreasonable." ***Commonwealth v. Macias***, 968 A.2d 773, 777 (Pa. Super. 2009). "A sentence is clearly unreasonable if it violates the requirements and goals of the Code and of the application of the guidelines." ***Commonwealth v. Fiascki***, 886 A.2d 261, 264 (Pa. Super. 2005).

The trial court confirmed in its opinion it considered all required statutory factors as well as the presentence investigation report when fashioning Appellant's sentence. Opinion, 6/27/24, at 4. The lower court acted within its discretion when imposing sentence, and no appellate relief is due.

We also note, in accordance with ***Yorgey***, ***supra***, that our independent review of the record does not reveal any other non-frivolous issues that Appellant could raise in this appeal.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/27/2025