# Court of Appeals.

October 7, 1902.

## THE PEOPLE v. FRANK P. ELLIOTT.

### (172 N. Y. 146.)

1. TRIAL—TESTIMONY OF DECEASED WITNESS MAY BE READ AT SECOND TRIAL—CODE CIVIL PROC., SEC. 830.

While there is no express provision of the Code of Criminal Procedure authorizing the reading on a second trial of the testimony of a deceased witness sworn at the first trial of a criminal action, section 830 of the Code of Civil Procedure, authorizing the reading of such testimony taken at the former trial of an action, is also applicable to a criminal action, since the word " action," as defined in section 3333 of the Code of Civil Procedure, refers to both civil and criminal actions.

2. SAME—CODE CRIM. PROC., SEC. 8, SUBD. 3.

The right of the accused to be confronted with the witnesses against him in the presence of the court, provided for in subdivision 3 of section 8 of the Code of Criminal Procedure, which is merely a reenactment of section 14 of the Bill of Rights, is not violated by the reading of such testimony on the second trial, where only such testimony is read as was taken on the first trial in the presence of the accused, represented by counsel exercising the full right of cross-examination, and, therefore, the accused has been once confronted by the witness against him in the presence of the court.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the Third Judicial Department, entered November 26, 1901, affirming a judgment of the Chenango County Court, entered upon a verdict convicting the defend-

ant of the crime of rape in the second degree, and an order denying a motion for a new trial.

The facts, so far as material, are stated in the opinion.

John P. Wheeler, for appellant.

Wordsworth B. Matterson, for respondent.

BARTLETT, J.: This defendant has been twice tried. The judgment of conviction at the first trial was reversed by this court (163 N. Y. 11). At the second trial a judgment of conviction was entered upon the verdict of a jury, which, on appeal, was affirmed by the Appellate Division, and we are now called upon to pass on that determination.

The learned counsel for the defendant presents three grounds for the reversal of this judgment: Error in challenging the jury; failure of the trial judge to follow the decision of this court on the first appeal in charging the jury; the admission of the testimony of Dr. Brooks, who was dead at the time of the second trial.

The Appellate Division decided that none of these grounds presented reversible error, and we are of the same opinion, but deem it proper to further consider the question whether Dr. Brooks' testimony was properly read on the second trial.

The Code of Criminal Procedure (sec. 8, subd. 3) provides that in a criminal action the defendant is entitled " To produce witnesses in his behalf, and to be confronted with the witnesses against him in the presence of the court, except that where the charge has been preliminarily examined before a magistrate, and the testimony reduced by him to the form of a deposition in the presence of the defendant, who has, either in person or by counsel, cross-examined, or had an opportunity to cross-examine, the witness, . . . the deposition of the witness may be read upon its being satisfactorily shown to the

court that he is dead or insane, or cannot with due diligence be found in the State."

There seems to be no provision of the Code of Criminal Procedure authorizing, in terms, the reading on a second trial of the testimony of a deceased witness sworn at the first trial.

The Code of Civil Procedure (sec. 830) provides as follows: " Where a party or a witness has died . . . since the trial of the action, . . . the testimony of the decedent, . . . taken or read in evidence at the former trial or hearing, may be given or read in evidence at a new trial or hearing, or upon any subsequent trial or hearing, of the same subject-matter in an action . . . between the same parties who were parties to such former trial or hearing or their legal representatives, by either party to such new trial or hearing or to such subsequent action, . . . subject to any other legal objection to the competency of the witness, or to any other legal objection to his testimony or any question put to him. The original steno- graphic notes of such testimony taken by a stenographer, who has since died or become incompetent, may be so read in evi- dence by any person whose competency to read the same ac- curately is established to the satisfaction of the court, . . . presiding at the trial of such action. . . . "

The section quoted refers to the death of a witness after the trial of an " action."

Section 3333 of the Code of Civil Procedure defines "action " as follows:  " The word ' action,' as used in the new revision of the statutes, when applied to judicial proceedings, signifies an ordinary prosecution, in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

This definition renders it clear that section 830 of the Code of Civil Procedure, above quoted, refers to both civil and crim- inal actions.

Section 8 of the Code of Criminal Procedure provides that the defendant shall be confronted with the witnesses against him in the presence of the court. This is merely a re-enactment of the Bill of Rights, which provides in section 14 that the accused shall be confronted with the witnesses against him. (2 R. S. [Banks' ed.], 1561.)

The constitution of this State, unlike the Federal constitution, has no similar provision.

The question has been much discussed whether the reading of testimony, reduced to a deposition in a preliminary examination, where the accused was represented by counsel and exercised the right of cross-examination, or testimony taken at a former trial, where the deponent or witness was dead at the time of the subsequent trial, could be read in evidence. It has also been matter of discussion whether the precise testimony taken at a former trial should be read in evidence from the minutes, or, in case of their destruction, the substance thereof given by a witness who heard the testimony delivered at the first trial.

In the case of People v. Williams (35 Hun, 516), the question of the constitutionality of section 8, subdivision 3, of the Code of Criminal Procedure was under consideration. Judge DANIELS said (p. 518): "It is manifest from the authorities permitting the deposition or evidence of a deceased witness to be read upon a trial of the accused, that it has not been deemed essential that he should be confronted by the witness against him upon the trial itself; but if the evidence be taken in the course of the proceeding in his presence, and with the right or privilege of cross-examination secured to him, that will be sufficient to allow the deposition to be read, in case of the decease of the witness making it, between the time when it may be taken and the time of the trial. And if this article of the constitution should be held to be applicable to the case, it would not, therefore, exclude the deposition received in evidence on the trial of the defendant."

The constitution here referred to is the Federal constitution, for, as already observed, the State constitution has no provision for the right of confrontment.

In People v. Penhollow (42 Hun, 103), it appeared that a witness on the part of the People, at the first trial of this indictment, was dead at the time of the second trial, and the district attorney offered to read in evidence her testimony as previously given. To the reception of this proof the defendant objected, on the ground that it was incompetent and unconstitutional, being in violation of the sixth article of the amendments of the constitution of the United States, which provide that in all criminal prosecutions the accused shall be confronted with the witnesses against him.

The court said (p. 105): " This provision has no application to criminal trials in the State courts for a violation of State laws. This right, secured to the accused, is limited in its application to citizens of the United States on trial in the Federal courts, charged with a violation of the constitution of the United States, or of the laws of Congress. . . . Our own State constitution does not contain any provision securing to the accused the right and privilege of being confronted by the witnesses against him. In the Bill of Rights, adopted by the Legislature, there is a provision similar to the one embraced in the constitution of the United States and expressed in the identical words." The learned judge here quotes section 14 of the Bill of Rights, and proceeds as follows: " The accused was confronted by the witness on the former trial, and he had an opportunity of making a cross-examination, and that satisfies the requirements of the statutes. The right secured to the accused, it is to be observed, is ' to be confronted with the witnesses against him.' This language does not require that the accused shall, in all cases, be confronted with the witnesses against him upon a pending trial of the indictment. The courts have held that the statute is satisfied, in cases of necessity, if the accused has been once confronted by the witness

against him in any stage of the proceedings upon the same accusation, and has had an opportunity of a cross-examination, by himself or by counsel, in his behalf."

In Brown v. Commonwealth (73 Penn. St. 321), the question was considered whether the testimony taken by the commonwealth, on a hearing before a justice of the peace, of a person charged with murder, was admissible on the trial. Chief Justice READ, in a very careful and able opinion, considered the question at some length, citing many authorities, and reached the conclusion that the testimony was admissible.

A like question was before the court in Commonwealth v. Richards (35 Mass. [18 Pickering], 434). The learned court said: " It has been contended for the defendant that the admission of such evidence is directly against the twelfth article of the Bill of Rights, which provides that in criminal cases the subject shall have a right ' to meet the witness against him, ·face to face.' Now, the defendant did meet the witness who has deceased, face to face, and might have cross-examined him before the magistrate touching this accusation. . . . We think it to be very clear that testimony of what a deceased witness did testify on a former trial, between the same parties on the same issue, is competent evidence. The rule is thus well stated in 2 Lilly's Abr. 745: ' If one who gave evidence on a former trial be dead, then, upon proof of his death, any person who heard him give evidence and observed it shall be admitted to give the same evidence as the deceased witness gave, provided it were between the same parties.' I cite the passage for the expression ' shall be permitted to give the same evidence ' which the deceased gave. It is to be the same, not a part, not the effect or substance, but the whole evidence, which the deceased witness gave, touching the matter or issue in controversy. (1 Phil. Evid., chap. 7, sec. 7; Miles v. O'Hara, 4 Binney, 111; Pyke v. Crouch, 1 Lrd. Raym. 730; Melvin v. Whiting, 7 Pick. 79; Bull N. P. 242, et seq.)."

In People v. Newman (5 Hill, 295), the Supreme Court of this State held that in a criminal action the public prosecutor will not be allowed to use the testimony given by the witness at a former trial of the same indictment though he be absent from the State.    It is stated in a *per curiam* opinion as follows: " It seems to be settled in this court that nothing short of the witness' death can be received to let in his testimony given on a former trial.    (Powell v. Waters, 17 Johns. 176; Wilbur v. Selden, 6 Cow. 162; and see Jackson v. Bailey, 2 Johns. 17; Beals v. Guernsey, 8 Johns. 446; White v. Kibling, 11 Johns. 128; Crary v. Sprague, 12 Wend. 41, 44, 45.)    But if the rule were otherwise in respect to civil cases, we are of opinion that it should not be applied to criminal proceedings. . . .    It is not now necessary, however, to decide that point, the present case being one of mere absence from the territorial jurisdiction of the court."

In the case of United States v. Macomb (5 McLean, 286), the Circuit Court of the United States, Seventh Circuit, held that where, at the preliminary examination, a witness since deceased testified in relation to the offense, the accused being present and his counsel accorded the right of cross-examination, that on a trial before a jury, under an indictment for the same offense, witnesses might be permitted to testify as to what the deceased swore to on the preliminary examination.    Judge DRUMMOND in that case made an exhaustive examination of the authorities and reasons the question on principle at length.

Mr. Underhill, in his work on Criminal Evidence (sec. 261), says: " In criminal as in civil procedure, the evidence of a witness at a prior trial may be proved as evidence in a subsequent trial of the accused for the same offense if the witness is dead or has become incompetent by reason of mental derangement.    His testimony is admissible either for or against the party in whose favor he originally testified.    (State v. Taylor, Phil. [N. Car.], 508, 513; Hair v. State, 16 Neb. 601, 605; State v. McNeil, 33 La. An. 1332; O'Brien v. Com.,

6 Bush [Ky.], 563, 571; State v. Johnson, 12 Nev. 121, 123; State v. Able, 65 Mo. 357; Sullivan v. State, 6 Tex. App. 319.)"

In Greenleaf on Evidence (Vol. 1 [16th ed.], sec. 163g), this language is used: "The death of the witness has always and of course been considered as sufficient to allow the use of his former testimony." Citing a number of cases in England and several States of the Union. (See, also, Abbott's Trial Brief Criminal Cases, sec. 664, and cases cited; Cowen & Hill's notes on Phillips' Evidence, vol. 1, p. 571, note 437, and p. 578, note 442.)

It seems to have been the universal rule that the evidence of a deceased witness could be read on the second trial in civil cases. It has been debated to some extent whether the rule should be extended to criminal trials. It is safe to say that the great weight of authority is in favor of such extension. The object of all trials, civil and criminal, is to arrive at the truth and do justice, and it would certainly tend to an opposite result if testimony carefully taken upon a former trial, at which the accused was represented by counsel, who was permitted the right of cross-examination, is to be excluded by the mere accident of the death of the witness, which is liable to occur in all prolonged litigations.

In this State the discussion of the question seems to have been confined to the lower courts, and mainly in the earlier cases.

There is little doubt that the practice in civil cases in this regard has been adopted by the criminal courts as matter of course, which accounts for the fact that the question has not been presented to this court, so far as we are advised.

The Legislature in enacting section 830 of the Code of Civil Procedure, already quoted, evidently sought to codify what was an existing general rule in both civil and criminal cases. If this legislation could properly be regarded as violating the right of confrontment, as contained in the Bill of

Rights, it would amount only to a modification of the rule as laid down in the former legislation. There is, however, no ground for such criticism, as it is very clear that the right of confrontment has been carefully guarded in this and other States by only admitting such testimony or depositions as were taken in the presence of the accused, represented by counsel, exercising the full right of cross-examination.

While unable to find reversible legal error in this record, we feel constrained to repeat what we said on the first appeal (163 N. Y. 12), that " in a case like the one before us, where the indictment charges a heinous and unnatural offense, it is most difficult to secure an absolutely fair trial."

There are features of this case, common to both trials, where evidence was procured for the People at the fearful cost of a mother voluntarily subjecting a mere child to the alleged repetition of an unthinkable and horrible offense by the father. This is a phase of the case we do not feel justified in passing over without comment. It was an unconscionable and brutal act on the part of the child's mother, in seeking to secure her husband's conviction, by resorting to a mode of procedure that shocks the moral sense of every right-thinking person.

The case of the People is subjected to the gravest suspicions under the circumstances.

The judgment of conviction should be affirmed.

PARKER, Ch. J., O'BRIEN, MARTIN, VANN, CULLEN, JJ. (and GRAY, J., in result), concur.

Judgment affirmed.