Thomas **PALAZZO**, an infant under the age of Fourteen (14) Years, by his mother and natural Guardian Joyce Delmage, Plaintiff,

v.

Richard J. **CORIO**, Defendant.

No. 97–CV–7565 EHN.

United States District Court, E.D. New York.

April 29, 1998.

John P. Bostany, Bostany Law Firm, New York City, on brief, for plaintiffs-appellants.

David E. Peck, Weiner, Millo & Morgan, of counsel, New York City, for defendant-appellee.

## *MEMORANDUM AND ORDER*

MANN, United States Magistrate Judge.

Notwithstanding strong urging from the Court that counsel attempt to resolve their discovery disputes informally, the Court is faced with yet another discovery issue in this case. Specifically, counsel for defendant and for non-party witnesses John and Jean Corio (defendant's grandparents) moves under Fed.R.Civ.P. 45(c)(3)(A)(ii) to quash subpoenas for deposition testimony by the grandparents on the grounds that the subpoenas (1) exceed the 100–mile travel limit and (2) are unduly burdensome. Plaintiff disputes both contentions.

The witnesses claim that according to the Automobile Association of America, the distance between the grandparents' home in Mount Pocono, Pennsylvania and the site of the deposition in New York City is 104 miles. Plaintiff, in turn, has submitted a map reflecting that the distance between Pocono Lake and downtown Manhattan is approximately 85 miles.

Based on its own investigation, the Court concludes that the discrepancy flows from two different means of measuring the distance: plaintiff measures the length of a straight line connecting the two points, whereas the witnesses apparently calculate the distance over actual highways and roads between the two locations. An examination of the caselaw reveals that the proper measure is "as the crow flies"—*i.e.,* a straight line measurement. *See, e.g., SCM Corp. v. Xerox Corp.,* 76 F.R.D. 214, 215–16 (D.Conn. 1977) (Newman, J.). Consequently, plaintiff's measurement prevails and the witnesses' motion to quash on this ground is denied.

Plaintiff has offered to conduct the depositions at his Newark office, thereby substantially reducing the witnesses' travel time. The subpoena is modified in accordance with plaintiff's offer, and the motion to quash the subpoenas as unduly burdensome is denied.

The parties to this dispute shall each bear their own costs in connection with this application. In addition, unless plaintiff as of this date still has not received from defendant the demanded certification or insurance policy, plaintiff's request for sanctions is denied.

**SO ORDERED.**