CANADY, Judge.
Chris A. Arnold appeals a final judgment of dissolution of marriage. Because the trial court improperly denied Mr. Arnold’s motion for continuance, we reverse the final judgment and remand this case for further proceedings.
This action began when Ms. Arnold, through counsel, filed a petition for dissolution of marriage on December 17, 2002. Mr. Arnold, also through counsel, filed an answer and • counterpetition. On May 23, 2003, the trial court approved the stipulation submitted by the parties’ counsel and set the case for the nonjury trial docket beginning the week of November 3, 2003.
On September 8, 2003, Mr. Arnold’s trial counsel, Robert Kennett, filed a motion for withdrawal of counsel. On October 13, 2003, the trial court entered its order allowing Mr. Kennett to withdraw and or *216 dering Mr. Arnold to obtain new counsel within seven days. The order indicated that Mr. Arnold was mailed a copy of the order at his home address.
On November 3, 2003, Ms. Arnold and her counsel appeared before the trial court for the final hearing. Mr. Arnold did not appear, nor did counsel appear on his behalf. The trial court attempted to ascertain whether Mr. Arnold received notice of the final hearing. The record indicates that Ms. Arnold’s counsel informed the court that she telephoned Mr. Kennett’s office and spoke with Mr. Kennett’s paralegal, who indicated she had sent Mr. Arnold a copy of the notice of trial.
The transcript of the trial proceedings shows that when the judge contacted Mr. Arnold by telephone, Mr. Arnold told the court he did not know about the hearing, he never received notice of the hearing, and he was working in Pinellas County and could not make it to the Sarasota County Courthouse in time for the hearing. Mr. Arnold then requested a ten-day continuance. In denying Mr. Arnold’s request for continuance, the tidal judge specifically found that “the paperwork was sent to him.”
The trial court’s finding was erroneous. Unsworn statements cannot serve as the basis for a trial court’s factual determinations. “[U]nsworn statements do not establish facts.” Brown v. Sch. Bd., 855 So.2d 1267, 1269 (Fla. 4th DCA 2003) (quoting Leon Shaffer Golnick Adver., Inc., v. Cedar, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982)). In this case, the trial court improperly relied upon the unsworn statements allegedly made by Mr. Ken-nett’s paralegal, who repeated them to Ms. Arnold’s counsel, who relayed them to the court, to determine that Mr. Arnold had received notice of the final hearing. The “evidence” relied on by the trial court as the basis for denial of the continuance was not competent. The denial of Mr. Arnold’s request for a continuance thus was an abuse of discretion. Accordingly, the final judgment of dissolution is reversed, and this case is remanded for further proceedings.[1]
Reversed and remanded.
ALTENBERND, C.J., and NORTHCUTT, J., Concur.

. Although the issue has not been raised in this appeal, we note that marital assets do not include appreciation in the value of nonmari-tal real property resulting from inflation and fortuitous market forces. See Straley v. Frank, 612 So.2d 610, 612 (Fla. 2d DCA 1992).