PER CURIAM.
The husband appeals the trial court’s order denying his “motion for relief from judgment” in this dissolution of marriage action. Because the trial court erred in dismissing his entire motion as untimely and treating it as a motion for rehearing, rather than a motion for relief from judgment, we reverse and remand for the trial court to consider the merits of the motion.
After the wife filed a petition for dissolution of marriage, the court appointed a family court mediator. The wife appeared for mediation, but the husband did not. The case was referred to a general magistrate, who filed his report recommending that the trial court adopt the proposed final order. The husband failed to appear for the final hearing, and the trial court entered the Final Judgment of Dissolution of Marriage on December 31, 2008.
On June 18, 2009, the husband filed a pro se motion labeled “motion for relief from judgment.” However, the motion contained both a request for rehearing and for relief from judgment. Regarding the latter, the husband argued that the judgment was void because the court failed to provide him notice of mediation and notice of the final hearing. This resulted in a denial of due process. On June 30, 2009, the trial court entered an order denying the husband’s motion as untimely because it was not filed within ten days.
Although the trial court’s ruling was correct as to that portion of the husband’s motion that was essentially a motion for rehearing, the trial court erred in summarily denying the entire motion as untimely, because part of the motion properly asserted a claim for relief from judgment, i.e., that the judgment was *554 void pursuant to Florida Rule of Civil Procedure 1.540(b)(4). See Fla. R. Civ. P. 1.540(b)(4) (2009) (“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: ... (4) that the judgment or decree is void;.... The motion shall be filed within a reasonable time.”).
Because relief from a void judgment pursuant to Rule 1.540(b) may be granted at any time, the trial court erred in denying the former husband’s motion. See Shiver v. Wharton, 9 So.3d 687, 690 (Fla. 4th DCA 2009) (citing Viets v. Am. Recruiters Enters., 922 So.2d 1090, 1095 (Fla. 4th DCA 2006)). See also M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So.2d 1079, 1082 (Fla. 4th DCA 2000) (“While it is true that Rule 1.540(b)(4) states that a motion for relief from a void judgment must be made within a ‘reasonable time,’ most courts have felt constrained to interpret the ‘reasonable time’ requirement of the rule to mean no time limit when the judgment attacked is void: ‘Assuming that a judgment is null and void for lack of jurisdiction does a Rule 1.540(b) motion for relief not brought within a reasonable time have the effect of making a void judgment valid? The answer is “no.” ’ ” (quoting Whigham v. Whigham, 464 So.2d 674, 676 (Fla. 5th DCA 1985))).
We therefore reverse the order and remand for the trial court to reconsider the former husband’s motion for relief from judgment. ,

Reversed and Remanded.

TAYLOR, HAZOURI and CIKLIN, JJ., concur.