GERBER, J.
The former husband appeals the circuit court’s orders denying his motions for relief from a final judgment of dissolution and an order awarding personal property to the former wife. He argues that the wife did not rebut his sworn testimony that he did not receive any notice of the final hearing which led to the final judgment and the order. We agree with the husband and reverse.
*360 The wife initiated this action by filing a petition for dissolution. After the husband did not timely answer the petition, the clerk entered a default against him. The wife’s lawyer later sent the husband a notice of final hearing on the petition. The wife’s lawyer certified that he sent the notice by mail to the marital residence as the husband’s last known address and to the husband’s e-mail address.
The husband did not appear at the final hearing. The circuit court entered a final judgment of dissolution which provided certain awards to the wife.
The wife later filed a motion to award her the husband’s interest in an airplane because the husband had not paid child support. The wife’s lawyer sent the husband a notice of hearing on the motion. The wife’s lawyer again certified that he sent the notice by mail to the marital residence as the husband’s last known address and to the husband’s e-mail address.
The husband did not appear at that hearing either. The circuit court entered an order awarding the husband’s interest in the airplane to the wife.
Seven months after the entry of the final judgment, and one month after the entry of the order awarding the husband’s interest in the airplane to the wife, the husband filed his motions for relief. The motions argued that the final judgment and the order were void because the husband did not receive notice of the final hearing on the petition. Although the husband did not cite the rule upon which he was relying in the motions, it appears that his motions fell under Florida Rule of Civil Procedure 1.540(b)(4) (2008), which states: “On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... [because] the judgment ... is void[J”
The husband filed affidavits in support of the motions. In the affidavits, the husband alleged that he was a pilot based in Saudi Arabia. While he was home visiting, the wife served the petition for dissolution on him. After he left to return to Saudi Arabia, he called the wife to discuss the matter. She said that she would think about whether to go forward with the divorce.
The husband’s affidavits further alleged that four months later, the wife sent him an e-mail stating that her lawyer “has not been pushing any default proceedings.” The husband assumed that the proceedings were either dropped or stayed.
The husband’s affidavits further alleged that he never received any e-mail from the wife’s lawyer notifying him of the final hearing. According to the husband, the wife could have contacted him about the notice in five different ways: by mobile phone; by calling the phone at the address where he was staying in Saudi Arabia; by e-mail; by instant messaging; and by an emergency dispatch system which was capable of reaching him during flight anywhere in the world. However, the wife did not contact him.
The husband’s affidavits admitted that he received the e-mail from the wife’s lawyer notifying him of the hearing on the motion regarding the airplane. However, he alleged that he was unable to return by the hearing date. He alleged that he asked the wife’s lawyer to reschedule the hearing so that he could attend. But when he returned to Florida two days later, he learned that the wife’s lawyer went forward with the hearing without honoring his request.
The husband’s affidavits further alleged that when he returned, he asked the wife for his mail sent to the marital residence, but she told him to contact her lawyer. He spoke to the lawyer’s secretary, who *361 said that she and the lawyer knew nothing about his mail. He then sent the lawyer a letter demanding production of his mail, but the letter went unanswered. He next attempted to subpoena the lawyer to produce proof that the e-mail regarding the final hearing was sent to him, but the lawyer did not do so.
The circuit court held a hearing on the husband’s motions. The husband, who was pro se at the time, argued consistent with his affidavits. The wife’s lawyer argued that he sent the notice of the final hearing to the husband at the marital residence as his last known address and by email. The wife’s lawyer then stated: “I have the e-mail if the court needs to see it.” The wife’s lawyer later stated: “If we have to take testimony, we can do it.”
Without responding to the wife’s lawyer’s offers, the circuit court asked the husband for rebuttal. The husband stated: “[I]f he has an e-mail showing that he did notify [me] of the final hearing, I would like to see the e-mail.” The wife’s lawyer did not then show the e-mail to the husband, nor did the court order the wife’s lawyer to do so. Later, when the husband requested to give testimony, the court put him under oath and had him affirm that everything he said to that point was truthful. The court did not put the wife’s lawyer under oath at any time. At the end of the hearing, the court orally denied the motions without stating any findings of fact or conclusions of law. The court later entered written orders denying the motions, but again without stating any findings of fact or conclusions of law.
The husband then filed this appeal. He argues that the wife did not rebut his sworn testimony that he did not receive any notice of the final hearing and, therefore, the circuit court erred by denying his motions for relief. We review the court’s orders for an abuse of discretion. Watson v. Watson, 583 So.2d 410, 411 (Fla. 4th DCA 1991).
We agree with the husband’s argument. The only basis upon which the circuit court could have denied the husband’s motion is if the court accepted the wife’s lawyer’s unsworn statements that he possessed an e-mail notifying the husband of the final hearing. However, “[u]nsworn statements cannot serve as the basis for a trial court’s factual determinations.” Arnold v. Arnold, 889 So.2d 215, 216 (Fla. 2d DCA 2004).
This case is similar to Arnold. There, the husband did not appear for the final hearing on the wife’s petition for dissolution. The trial court attempted to ascertain whether the husband received notice of the final hearing. The wife’s lawyer informed the court that she telephoned the husband’s former lawyer’s office and spoke with a paralegal, who indicated that she sent the husband a copy of the notice of trial. The court then contacted the husband by telephone. The husband told the court that he did not know about the hearing, he never received notice of the hearing, and he was working in a neighboring county and could not make it to the courthouse in time for the hearing. The husband then requested a continuance. The court denied the husband’s request for a continuance, specifically finding that “the paperwork was sent to him.” Id.
The second district concluded that the court’s finding was erroneous, reasoning:
Unsworn statements do not establish facts. In this case, the trial court improperly relied upon the unsworn statements allegedly made by [the husband’s former lawyer’s] paralegal, who repeated them to [the wife’s] counsel, who relayed them to the court, to determine that [the husband] had received notice of the final hearing. The “evidence” relied *362 on by the trial court as the basis for denial of the continuance was not competent. The denial of [the husband’s] request for a continuance thus was an abuse of discretion.
Id. (internal brackets and citations omitted). This case is even stronger than Arnold because here, the husband provided sworn statements in support of his motions, whereas in Arnold the husband merely spoke to the court by telephone.
We reject the wife’s argument that we should affirm because the husband’s motions for relief failed to demonstrate excusable neglect, a meritorious defense, and due diligence. “It is well settled that a judgment entered without notice to a party is void.” Watson, 583 So.2d at 411 (citations omitted). “[R]elief from a void judgment pursuant to Rule 1.540(b) may be granted at any time.” Colon v. Colon, 45 So.3d 553, 554 (Fla. 4th DCA 2010).
We also reject the wife’s argument that we should affirm because the husband did not provide the court or the wife’s counsel with another address and did not have his mail forwarded to another address. The husband’s unrebutted sworn statements indicate that the wife led him to believe that she was not pursuing the dissolution. Thus, there was no need for him to provide another address or have his mail forwarded to another address. See Lanes v. Lanes, 454 So.2d 782, 782 (Fla. 4th DCA 1984) (the wife sustained her burden on motion for relief from judgment based on, among other things, the husband’s repeated assurances to her that he would not attempt to obtain a divorce).
We further reject the wife’s argument that we should affirm because her counsel mailed the notice of the final hearing to the marital residence as the husband’s last known address. See Fla. Fam. L.R.P. 12.080(c)(2) (“Notice of final hearings ... shall be served on defaulted parties in the manner provided for service of pleadings and papers contained in Florida Rule of Civil Procedure 1.080.”); Fla. R. Civ. P. 1.080(b) (notice may be made upon a party by, among other things, “mailing it to ... the party at the last known address.”). The husband’s unrebutted sworn statements indicate that his last known address was not the marital residence, but in Saudi Arabia, and the wife knew how to contact him there, but did not do so. See Greisel v. Gregg, 733 So.2d 1119, 1121-22 (Fla. 5th DCA 1999) (final judgment was void for lack of notice where the plaintiffs sent copies of motions and notices to the defendants’ post office box in Orlando but knew that the defendants were residing in Germany because that is where the plaintiffs served them).
In sum, the “[l]ack of proper notice that a party is applying to the court for a final judgment is a classic reason for setting a final judgment aside.” Weber v. Shea, 742 So.2d 443, 443 (Fla. 4th DCA 1999). Here, the husband provided sworn statements establishing that he did not receive proper notice of the final hearing, and the wife did not rebut that evidence with any sworn statements. Therefore, we reverse the final judgment and the order awarding the interest in the airplane to the wife. We remand for further proceedings consistent with this opinion.

Reversed and remanded.

STEVENSON and GROSS, JJ., concur.