ORFINGER, C.J.
Alisha Tucker appeals from a temporary injunction prohibiting her from relocating her minor child from the residence they share, without the consent of the child’s father, Wayne Liebknecht, or a prior court order. This Court has jurisdiction. Fla. RApp. P. 9.130(a)(3)(B); see Chi. Title Ins. Agency of Lee Cnty., Inc. v. Chi. Title Ins. Co., 560 So.2d 296 (Fla. 2d DCA 1990) (reiterating that order granting injunction *1241 is appealable non-final order under rule 9.130(a)(3)(B)). We reverse.
Ms. Tucker and Mr. Liebknecht were never married but conceived a child together. After the child’s birth, the parties entered into a Mediated Paternity Agreement (“MPA”), which resolved various matters between them with respect to the minor child, including timesharing. In the MPA, Ms. Tucker was designated the “majority” timesharing parent. With regard to relocation, the parties agreed:

Relocation

If the parent that the child lives with the majority of the time intends to relocate more than 50 miles from the present home, the parent must obtain permission in writing from the non-residential parent or obtain a prior Court Order of Approval.
The court subsequently entered a final judgment, ratifying and incorporating the MPA.
Several years later, Mr. Liebknecht filed a verified emergency motion for injunction, claiming that Ms. Tucker was planning to move with the child to a new home more than fifty miles from her current residence without his consent, in violation of the final judgment. Without notice to Ms. Tucker, the trial court entered a temporary injunction, enjoining her from “relocating the minor child ... from her current residence ... until further order of this Court.”[1] Subsequently, after notice to Ms. Tucker, a hearing was held on Mr. Liebknecht’s motion. Following the hearing, the trial court entered an order, extending the temporary injunction and holding, in relevant part:
B. This Court finds that driving distance measured in driving miles as opposed to radius miles is the standard to be utilized when determining distance for purposes of relocation.
C. The Mother’s anticipated address of relocation is in excess of the 50[-]mile restriction.
[[Image here]]
E. The Court shall extend the Temporary Injunction ... until further notice of this Court....
(Emphasis added). This appeal follows.[2]
Ms. Tucker argues that we should dissolve the temporary injunction because the MPA permits her to relocate with the child anywhere within fifty miles of her existing residence without the consent of Mr. Lieb-knecht or the trial court. She contends that the trial court erroneously used the driving distance standard instead of the straight line standard to determine that her proposed new home was more than the permitted fifty-mile distance from her existing home. We agree.
We interpret the MPA like any other contract. Its terms should be given plain meaning unless found to be ambiguous. See Levitt v. Levitt, 699 So.2d 755, 756 (Fla. 4th DCA 1997); see also Andersen Windows, Inc. v. Hoehberg, 997 So.2d 1212, 1214 (Fla. 3d DCA 2008) (reiterating that “courts ... are not authorized to rewrite clear and unambiguous contracts ... [a]nd where a contract is clear and unam *1242 biguous, it must be enforced as written”). In this case, there is no ambiguity. The MPA requires Ms. Tucker to obtain prior approval, either from Mr. Liebknecht or the trial court, if she plans to relocate with the child more than fifty miles from her current residence. What is in dispute is the method of calculating the distance. Specifically, whether it should be measured, as Ms. Tucker contends, in a straight line from point to point or, as Mr. Lieb-knecht contends, using available roadways between Ms. Tucker’s current and intended residences. We believe that utilizing a method of measurement other than the straight line method would create uncertainty and generate needless debate. See Trumbull Falls, LLC v. Planning & Zoning Comm’n of Town of Trumbull, 97 ConnApp. 17, 902 A.2d 706, 712 (2006).
In the absence of any statutory or contractual provision governing the manner of measurement of distances, the general rule is that distance should be measured along the shortest straight line, on a horizontal plane and not along the course of a highway or along the usual traveled way. 79 Am.Jur.2d Weights and Measures § 46 (2012). Florida has adopted this general rule. For example, in State v. Burch, 545 So.2d 279, 281 (Fla. 4th DCA 1989), in commenting on how to measure one thousand feet for the purpose of determining whether a drug transaction occurred within that distance of a school, the court said:
[W]e see no reason why the one thousand foot distance requirement should not reasonably be measured in a straight line to the school property’s nearest boundary line (ie., as the crow flies). To suggest that the distance should be calculated by some circuitous pedestrian route would be a tortuous reading of the statute that would violate its plain intent and meaning.
See also State ex rel. Fronton Exhibition Co. v. Stein, 144 Fla. 387, 198 So. 82. 85 (1940) (holding that in absence of any contrary statutory provision, distance of one thousand feet meant feet measured in straight line). Accord Commonwealth v. Spano, 414 Mass. 178, 605 N.E.2d 1241, 1244 (1998) (holding absent express statutory provision specifying method of determining extent of school safety zone, measurement should be in straight line); Palazzo ex rel. Delmage v. Corio, 204 F.R.D. 639 (E.D.N.Y.1998) (holding proper measure of distance between two points is “as the crow flies,” ie., a straight line measurement); Harris v. Univ. Hosps. of Cleveland, Nos. 76724, 76785 (Ohio Ct.App. Mar. 7, 2002) (holding when agreement did not specify method of computing distance, correct way to measure distance was “as the crow flies,” or straight-line approach, not actual driving distance).
We conclude that consistent with the general rule, in the absence of a statutory or contractual provision to the contrary, the simplest and most objective method to measure the distance between two points is the straight-line or “as the crow flies” measure. This uniform standard offers more certainty than a measure based on road miles, which may fluctuate as new and different routes are constructed. Sprow v. Hartford Ins. Co., 594 F.2d 412, 417 (5th Cir.1979). For these reasons, we conclude that the trial court erred in determining the distance between Ms. Tucker’s current home and her anticipated address of relocation. On remand, the court shall measure the distance using the straight-line method.
REVERSED and REMANDED.
MONACO and COHEN, JJ., concur.

. We observe that the injunction prevents Ms. Tucker from moving even next door. This is clearly contrary to the provision of the MPA, which required consent only for relocations more than fifty miles from Ms. Tucker’s present home.

. The record does not contain a transcript of the hearing or a statement of the facts as authorized by Florida Rule of Appellate Procedure 9.200. Therefore, the trial judge’s factual findings are presumed correct, see Powers v. Powers, 831 So.2d 724, 724 (Fla. 5th DCA 2002), and our review is limited to errors apparent on the face of the judgment. Mobley v. Mobley, 18 So.3d 724, 725 (Fla. 2d DCA 2009).