EVANDER, J.
Appellant, Cemex Construction Materials Florida, LLC, contends that the trial court abused its discretion by vacating a final judgment based on the unsworn representation of Appellees’[1] counsel, Thomas Ranew, that he had not received notice of the final hearing. Because Ce- *702 mex did not object to the trial court’s failure to place Ranew under oath,[2] we affirm.
Attorneys are officers of the court and, as such, their representations to the court have been described by the High Court as being “virtually made under oath.” Holloway v. Arkansas, 485 U.S. 475, 486, 98 S.Ct. 1178, 55 L.Ed.2d 426 (1978). Nevertheless, the general rule in Florida is that absent a stipulation, un-sworn representations by counsel about factual matters may not serve as the basis for a trial court’s factual determination. See, e.g., Taylor v. Taylor, 67 So.3d 359, 361 (Fla. 4th DCA 2011); Daughtrey v. Daughtrey, 944 So.2d 1145, 1148 (Fla. 2d DCA 2006); Arnold v. Arnold, 889 So.2d 215, 216 (Fla. 2d DCA 2004).
Application of this general rule is, however, subject to the requirement that the opposing party make a contemporaneous objection. See Reddick v. Reddick, 728 So.2d 374 (Fla. 5th DCA 1999) (issue of whether, in absence of other evidence, trial court could rely on wife’s child support guidelines worksheet in calculating award was not preserved for review where wife’s counsel expressly argued from worksheet at divorce hearing without any objection from husband). Here, had Cemex timely objected to Ranew’s “unsworn testimony,” the trial court could have readily remedied the situation by placing Ranew under oath.
AFFIRMED.
TORPY and JACOBUS, JJ., concur.

. Ranew was counsel below for Appellees William Allan, Caryann Allan, Robert Allan, and Meia Beth Haynes Allan.

. Cemex did object to the fact that Appellees’ motion to set aside the final judgment was unverified. However, contrary to Cemex's contention, there is no requirement that the motion be verified. See Cedar Mountain Estates, LLC v. Loan One, LLC, 4 So.3d 15, 17 (Fla. 5th DCA 2009).