ORFINGER, J.
The mother, Emily E. Dickson n/k/a Emily E. Dial, appeals a post-judgment order designating the school of the parties’ minor child and placing him in the care of the father, Donald M. Dickson, on school nights. We reverse and remand for further proceedings.[1]
The parties were married in 2003. At the time of their divorce in Lake County in 2011, they had one minor child. The final judgment of dissolution incorporated the parties’ marital settlement agreement, which included a timesharing schedule providing that the minor child would primarily reside with the mother, but would stay with the father Wednesday nights and alternating weekends. The final judgment did not prohibit relocation or include a school designation for the minor child. *289 However, it gave the parties shared parental responsibility on major decisions, including medical, religious and educational matters affecting the minor child’s welfare.
After the divorce, the parties continued to live in Lake County, and the minor child was enrolled in a school located in a school district zoned for both parties’ residences. In 2014, the mother informed the father that she was planning to move from Lake County with the minor child to reside with her soon-to-be husband. The father objected to the move. Notwithstanding, the mother moved from Lake County and enrolled the minor child in a new school in a different county. In response, the father filed an emergency motion to require the minor child to be re-enrolled in his former school. After an expedited hearing, the trial court determined that the mother violated the marital settlement agreement by relocating and unilaterally un-enrolling the minor child from his former school and enrolling him in a different school. The court also ruled that it was in the minor child’s best interests to be re-enrolled in his former school and to modify the time-sharing schedule to grant the father school nights so that the child would not have to spend a large amount of time traveling between the two counties to attend school in Lake County.
A trial court’s order modifying a parenting plan and timesharing schedule is reviewed for an abuse of discretion. See Wade v. Hirschman, 903 So.2d 928, 935 (Fla.2005). The trial court has far less authority and discretion to modify timesharing than to make the initial timesharing determination. Mesibov v. Mesibov, 16 So.3d 890, 891 (Fla. 5th DCA 2009) (citing Cooper v. Gress, 854 So.2d 262, 265 (Fla. 1st DCA 2003)).
The mother’s move did not violate the marital settlement agreement or the relocation statute. While the time-sharing schedule largely met the requirements of section 61.13(2)(b), Florida Statutes (2011), it did not include a school designation, and the marital settlement agreement does not expressly prohibit a move. Further, section 61.13001(e) defines “Relocation” as “a change in the location of the principal residence of a parent or other person from his or her principal place of residence at the time of the last order establishing or modifying time-sharing. ... The change of location must be at least 50 miles from that residence.” In Tucker v. Liebknecht, 86 So.3d 1240, 1242 (Fla. 5th DCA 2012), this Court concluded that, in the absence of a statutory or contractual provision to the contrary, the proper method to measure the distance between two points is the straight-line or “as the crow flies” measure. Here, the parties agree that the mother moved forty-nine miles “as the crow flies,” using the straight-line test. Hence, the mother was not required to file a petition to relocate pursuant to section 61.13001 before she relocated to a different county forty-nine miles away.
However, the dissolution final judgment gave the parties shared parental responsibility on major decisions, including educational matters. Under the principle of shared parental responsibility, major decisions affecting the welfare of a child are to be made after the parents confer and reach an agreement. See § 61.046(17), Fla. Stat. (2014). In the event that the parents reach an impasse, the dispute should be presented to the court for resolution. Gerencser v. Mills, 4 So.3d 22, 23 (Fla. 5th DCA 2009); Sotnick v. Sotnick, 650 So.2d 157, 160 (Fla. 3d DCA 1995); Tamari v. Turko-Tamari, 599 So.2d 680, 681 (Fla. 3d DCA 1992). Because the parties here were unable to agree on the minor child’s school, the mother was required to obtain court- ap *290 proval before unilaterally un-enrolling the minor child from his former school and enrolling him in a different school. In such a circumstance, the court must resolve the impasse by determining the best interests of the child. § 61.13(2)(c),(3), Fla. Stat. (2014).[2]
In this case, the trial court abused its discretion by modifying the timesharing agreement without evidence that the welfare of the minor child would be promoted by returning him to his former school in Lake County and changing the timesharing arrangement to have the father assume the primary timesharing responsibilities.[3] See § 61.13(3), Fla. Stat. (2014); Holland v. Holland, 140 So.3d 1155 (Fla. 1st DCA 2014); Dobbins v. Dobbins, 584 So.2d 1113, 1116 (Fla. 1st DCA 1991). Accordingly, we reverse and remand for a new hearing. On remand, the court shall take evidence and use the best interests of the child standard to determine if modification is in the child’s best interests in light of the parties’ inability to agree which school the minor child will attend. See, e.g., Watt v. Watt, 966 So.2d 455 (Fla. 4th DCA 2007) (holding that parties’ inability to agree on which private high school child would attend constituted substantial change in circumstances warranting modification of parenting plan). Once that determination is made, the trial court may adjust the time sharing schedule to accommodate the minor child’s school schedule.
REVERSED AND REMANDED.
LAWSON, C.J. and TORPY, J., concur.

. We reject the mother's argument that she was denied due process without comment. See N.C. v. Anderson, 882 So.2d 990, 993 (Fla.2004) (explaining that to satisfy procedural due process, notice must reasonably convey required information and afford reasonable time for those interested to make appearance and be heard).

. We do not suggest that the court cannot maintain the status quo or return a child to his former school on a temporary basis pending a full hearing.

. While the facts are not in dispute, no evidence was presented at the expedited hearing. Instead, all of the trial court’s rulings were based on the argument of the father’s counsel and the mother’s unsworn statements. Absent a stipulation, unsworn arguments and statements about factual matters do not constitute evidence, and therefore, may not serve as the basis for a trial court's factual determination. E.g., Global Xtreme, Inc. v. Advanced Aircraft Ctr., Inc., 122 So.3d 487, 491 (Fla. 3d DCA 2013); Cemex Constr. Materials v. Ross, 102 So.3d 701, 702 (Fla. 5th DCA 2012); Taylor v. Taylor, 67 So.3d 359, 361 (Fla. 4th DCA 2011); Daughtrey v. Daughtrey, 944 So.2d 1145, 1148 (Fla. 2d DCA 2006); Arnold v. Arnold, 889 So.2d 215, 216 (Fla. 2d DCA 2004). However, in order to preserve any objection to unsworn testimony, there must be a contemporaneous objection. Ross, 102 So.3d at 702; Reddick v. Reddick, 728 So.2d 374, 375-76 (Fla. 5th DCA 1999). Although there was no objection below, the court was not presented with any evidence to support many of the trial court’s findings, specifically, regarding the best interests of the minor child. The court cannot change the timeshar-ing arrangements purely as punishment in the absence of evidence of what is in the best interests of the child. See, e.g., Edgar v. Firuta, 100 So.3d 255 (Fla. 3d DCA 2012) (reversing trial court’s modification of parental plan to award father sole parental responsibility over children, which was based on mother’s willfully disobedient relocation of children to another state rather than on evidence-based assessment of twenty statutory best interests factors); Landingham v. Landingham, 685 So.2d 946, 950 (Fla. 1st DCA 1996) (explaining that trial court cannot modify child's custody to punish custodial parent); Ginder v. Ginder, 536 So.2d 1155 (Fla. 1st DCA 1988) (holding court cannot change custody without showing that change is in best interests of child).