BENTON, J.,
dissenting.'
I respectfully dissent. Shaquita Rosier’s supposed unavailability as a witness was'not a proper subject of judicial notice.[1] *922 That she had given birth eight days before trial was not in dispute, but that fact alone did not establish her unavailability to testify, as defense counsel maintained, in arguing in support of his objection: “She’s no longer at the hospital. She’s had the baby. And-1 don’t, with all due respect to Ms. Rosier, I don’t know why that would make her unavailable to come to testify briefly before the Court at the instance of the State or the defense.”
The prosecutor represented to the trial court that an investigator employed by his office had spoken to the-witness and reported to the prosecutor that she had “just left the doctor’s office right now and apparently is ... hurting in a bad way.” But the state put on' no evidence to meet its “burden of demonstrating the witness’s unavailability for trial.” Wilson v. State, 45 So.3d 514, 516 (Fla. 4th DCA 2010).
It is of course required that a party seeking to introduce the testimony of a witness given upon a former trial must first introduce preliminary evidence of the existence of the reasons for its introduction. The rule applies in criminal cases. See Lowe v. State, 86 Ala. 47, 5 So. 435; Thompson v. State, 106 Ala. 67, 17 So. 512; People v. Murphy, 45 Cal. 137; People v. Elliott, 172 N.Y. 146, 64 N.E. 837, 60 L.R.A. 318.
Habig v. Bastian, 117 Fla. 864, 158 So. 508, 510 (1935). “Whether an [incapacitat *923 ing] illness or infirmity exists is a question of preliminary fact for the trial court, proven by a preponderance of the evidence.” Partin v. State, 82 So.3d 31, 43 (Fla.2011).
“[T]he unsworn statements of counsel do not constitute evidence.” State v. Walters, 12 So.3d 298, 303 (Fla. 3d DCA 2009). “An attorney’s ‘unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.’ ” H.K. Dev., LLC v. Greer, 32 So.3d 178, 181 n. 4 (Fla. 1st. DCA 2010) (quoting Leon Shaffer Golnick Advert., Inc. v. Cedar, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982)). See also Arnold v. Arnold, 889 So.2d 215, 216 (Fla. 2d DCA 2004) (“Unsworn statements cannot serve as the basis for a trial court’s factual determinations.... [T]he trial court improperly relied upon the unsworn statements allegedly made by Mr. Ken-nett’s paralegal, who represented them to Ms. Arnold’s counsel, who relayed them to the court, to determine that Mr. Arnold had received notice of the final hearing. The ‘evidence’ relied on by the trial court as the basis for denial of the continuance was not competent.”).[2]
Even if the prosecutor had been under oath, reporting information based on statements by a third party to the investigator,[3] *924 his testimony would have been objectionable as hearsay. See § 90.801, Fla. Stat. (2012). Defense counsel argued below that the prosecutor’s representation of what the investigator reported the witness .had told him was double hearsay. The defense had no opportunity for cross-examination: What office did the witness (who was apparently up and about) visit? Having “just left the doctor’s office,” did she say good-bye to the obstetrician or to the pediatrician? Or to an orthopedist? Why was she “hurting in a bad way?”

. To, like effect, see State v. Brugman, 588 So.2d 279, 279-80 (Fla. 2d DCA 1991) (reversing an order dismissing the information based on entrapment, noting that because ‘‘Brugman did not bring this motion [to dis-missO pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) ... the trial court was required to have an evidentiary basis to determine the issue of objective entrapment" and the "attorney’s unsworn statement does not establish a fact in absence of a stipulation,” and distinguishing a situation where the attorney’s representations "went to procedural aspects of the case, matters about which the attorney had .personal knowledge which he could address as an officer of the court”); cf. Melvin v. State, 804 So.2d 460, 463 (Fla. 2d DCA 2001) (“[Djetermining" whether there is probable cause to believe something requires a consideration of factual circumstances and the making of mixed conclusions of law and fact. Absent the parties’1 stipulations, courts may only find facts based on sworn evidence; mere unsworn allegations are'insufficient to prove any fact. It is plain to see, then, that by charging the court with a duty to determine the existence of probable cause, the legislature necessarily contemplated that the court would receive sworn proof.” (citations omitted)).

. This is not a case like Foster v. State, 614 So.2d 455, 459 (Fla.1992), where the court allowed the state to introduce the prior testimony of a Ms. Rogers, over Foster’s objection, at resentencing. A prosecutor’s assertions that he cannot locate a witness are firsthand knowledge, to which a prosecutor could testify under oath, if asked to do so. On appeal, the Foster court rejected Foster’s argument that the trial court failed to conduct an appropriate inquiry into Ms. Rogers' unavailability; "According to the assistant state attorney, in 1989, in an effort to find Rogers, investigators from that office attempted to locate her ex-husband. They were unsuccessful. In late May of 1990, shortly before the resentencing proceeding, defense counsel gave the state attorney Rogers’ address and telephone number in Tampa. The state attorney called the number several times. He left messages on an answering machine as well as with a man who answered the telephone and said that he was Rogers’ former brother-in-law. Rogers never returned the phone calls. At the state attornéy’s request, the Hillsbor-ough County Sheriff’s Department attempted to subpoena Rogers but were unsuccessful. A deputy attempting to serve the subpoena was advised by someone at Rogers” address that she was out of town at an unknown location. This was ■ sufficient to establish Rogers' unavailability, for purposes of the resentencing hearing.” Id. A trial court may accept representations by the' prosecutor, absent objection. In the present case, theré was a clear ■objection. ’ •