DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LINDSEY RACHELLE HEALY,**
Appellant,

v.

**JOSEPH JAMES HEALY,**
Appellee.

No. 4D2024-1087

[April 23, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Leatha D. Mullins, Judge; L.T. Case No. 56-2019-DR-001418.

Kate E. Watson of The Watson Law Firm, P.A., Jupiter, for appellant.

Chet E. Weinbaum of The Law Office of Chet E. Weinbaum, P.A., Fort Pierce, for appellee.

DAMOORGIAN, J.

Lindsey Rachelle Healy ("Mother") appeals the trial court's order granting Joseph James Healy's ("Father") motion to vacate a previously entered order ratifying a general magistrate's recommended order, whereby the parties' minor children were ordered to attend school in St. Lucie County. For the reasons outlined below, we reverse.

By way of background, Father and Mother were married in 2016 and have two children (collectively "the minor children"). The parties subsequently separated, and a final judgment of dissolution of marriage was entered in 2021. The dissolution judgment incorporated a marital settlement agreement and parenting plan which, among other things, awarded the parties 50-50 timesharing and shared parental responsibility.

In November 2021, Mother moved from St. Lucie County to Indian River County, which was within the 50-mile radius permitted under section 61.13001(1)(e), Florida Statutes. At the time, the minor children were attending a private school in St. Lucie County for the 2021-2022 school year.

In February 2022, Mother filed an emergency motion to temporarily suspend Father's timesharing after Father, while intoxicated, crashed his vehicle into a parked vehicle while the minor children were in the backseat. Father was subsequently arrested and charged with DUI, DUI damage to property or person of another, and child neglect without great bodily harm. This was Father's second accident in a three-month period where the minor children were in the vehicle at the time of the accident. The first accident occurred in December 2021 and resulted in the eldest child suffering a broken clavicle. The trial court granted Mother's emergency motion, suspended Father's timesharing, and awarded Mother "temporary sole parental responsibility of the minor children until further order of the court" (the "February 2022 Order").

In July 2022, the parties entered into a stipulated temporary agreement on Mother's motion to temporarily suspend timesharing (the "Stipulation"). Per the Stipulation, Father was to have supervised timesharing with the minor children twice per week, and was required to apply for and use Soberlink prior to each supervised visit. The Stipulation was approved by the court on July 15, 2022 (the "July 2022 Order"). While the July 2022 Order did not expressly mention Mother's sole parental responsibility, it provided that "all previous Orders not modified herein shall remain in full force and effect." Mother subsequently enrolled the minor children in school in Indian River County for the 2022-2023 school year.

In November 2022, the parties again stipulated to a temporary agreement, placed on the record in open court, which was approved by the trial court (the "November 2022 Order"). The November 2022 Order granted Father one overnight visitation per week and overnight visitations every other weekend, and allowed Mother to maintain "temporary sole parental responsibility of the minor children in accordance with the terms outlined in the . . . February 21, 2022 [Order]."

On February 3, 2023, Father filed a motion for enforcement, contempt, and clarification ("Contempt Motion"). Among other things, the Contempt Motion sought to enforce the parenting plan's paragraph IX. Paragraph IX, which is titled "Education," provides:

> School Designation. For purposes of school boundary determination and registration, the higher ranked school based on residential designation shall be designated, provided parent resides in [S]aint [L]ucie [C]ounty [F]lorida.

Father argued that the above paragraph required the minor children to attend school in St. Lucie County, and that by enrolling the minor children in school in Indian River County, Mother had violated the parenting plan.

The matter proceeded to a hearing before a general magistrate in May 2023. At the hearing, Mother testified that, while she had temporary sole parental responsibility, she removed the minor children from the private school in St. Lucie County as she could no longer afford the tuition. Mother then tried to enroll the minor children in public school in St. Lucie County for the 2022-2023 school year, but was unable to do so because she resided in Indian River County. Mother then enrolled the minor children in a public school in Indian River County. Aside from the fact that Mother resided in Indian River County, Mother's decision to enroll the minor children in the Indian River County public school system was motivated by the services offered by that school system. Specifically, Mother testified she had concerns their youngest child was developmentally delayed, and had the child assessed by a neurologist who suggested participation in services offered by the Indian River County school system. Mother also testified that the minor children initially needed a lot of remedial work when they transferred to the school in Indian River County but were now doing very well. Finally, regarding the parenting plan's paragraph IX, Mother testified she interpreted that paragraph as only applying if she resided in St. Lucie County, which she did not at the time of enrolling the minor children in the Indian River County school system.

Father, in turn, maintained the position advanced in the Contempt Motion, namely that the parenting plan's paragraph IX required the minor children be enrolled in school in St. Lucie County. Notably, throughout the hearing, Father's attorney opposed consideration of the best interests of the minor children.

Following the hearing, the general magistrate entered a thorough order recommending denying Father's Contempt Motion. Therein, the magistrate made the following relevant findings: (1) the February 2022 Order, as confirmed by the November 2022 Order, superseded the dissolution judgment with respect to parental responsibility; (2) Mother had temporary sole parental responsibility when she enrolled the minor children in the Indian River County school system; and (3) Mother could not afford private school tuition. Based on these findings, the magistrate concluded Mother's conduct of enrolling the minor children in the Indian River County school system was not contemptuous. The general magistrate also concluded paragraph IX's language was ambiguous:

3

Neither parent is designated. Is the court to assume that this means either parent? The parent with the most timesharing? The parent with sole parental responsibility? It does not even state that the school system is St. Lucie County schools. To further complicate the issue, the children were not enrolled in the St. Lucie County School System but attended a private school located in St. Lucie County. [Father] at the hearing requested that the children be returned to the St. Lucie County School System but they were never enrolled there to begin with. As such, the children were not enrolled in the "higher ranked school based on residential designation." And whose residential designation?

The recommended order was ratified by the trial court on June 2, 2023 (the "Ratified Order"). A few days later, Father moved to vacate the Ratified Order on the basis that the magistrate had failed to apply a strict contract interpretation of paragraph IX, and had improperly considered the effect of the February 2022 and November 2022 Orders.

In October 2023, while Father's motion to vacate remained pending, Father's shared parental responsibility and 50-50 timesharing were restored. Prior to that time, Mother had sole parental responsibility of the minor children for a total of twenty months.

In March 2024, Father's motion to vacate proceeded to a hearing before the same trial judge who had previously entered the Ratified Order. At the time of the hearing, the minor children were still attending school in Indian River County for the 2023-2024 school year. Following the hearing, the trial court granted Father's motion to vacate. In so doing, the trial court found that although Mother had been awarded temporary sole parental responsibility, such an award did not allow her to ignore paragraph IX's plain language. The trial court further found that Mother's "unilateral decision to move the children's school outside of St. Lucie County [wa]s a violation [of] this court's prior order." The trial court accordingly ordered the minor children return to school in St. Lucie County for the 2024-2025 school year. The trial court did not make any best interests findings in its order.

On appeal, Mother argues the trial court erred in granting Father's motion to vacate and ordering the minor children return to school in St. Lucie County. Mother raises several arguments in support of her position, one of which we find compelling: the court erroneously concluded Mother's temporary sole parental responsibility did not allow her to enroll the minor children in school in Indian River County.

4

Section 61.046(18), Florida Statutes (2024), provides that "'[s]ole parental responsibility' means a court-ordered relationship in which one parent makes decisions regarding the minor child." A parent with sole parental responsibility need not attempt to reach a joint decision with the other parent. *See Roque v. Paskow*, 812 So. 2d 500, 503 (Fla. 4th DCA 2002) (recognizing that a parent with sole parental responsibility, as opposed to shared parental responsibility with final decision making, does not need to confer with the other parent). This includes decisions regarding education. *See* § 61.13(2)(c)4., Fla. Stat. (2024) (recognizing, albeit in the context of shared parental responsibility, that "[a]reas of responsibility may include education, health care, and any other responsibilities that the court finds unique to a particular family"); *McDonald v. McDonald*, 732 So. 2d 505, 506 (Fla. 4th DCA 1999) (recognizing that a parent may be given sole parental responsibility concerning education if such relief is properly requested); *see also Moritz v. Stonecipher*, 357 So. 3d 171, 171–72 (Fla. 4th DCA 2023) (recognizing that a parent with primary residential care and custody of a child has the authority to unilaterally decide where the child will attend school).

Here, at the time Mother moved the minor children from the private school in St. Lucie County to the public school in Indian River County, she had sole, unfettered parental responsibility of the minor children by virtue of the February 2022 Order. This sole parental responsibility continued for twenty months, as confirmed by the stipulated July 2022 and November 2022 Orders. Those orders had the effect of temporarily superseding and modifying the original parenting plan with respect to parental responsibility, including paragraph IX's requirements. Mother, therefore, had the authority to enroll the minor children in school in Indian River County, and the trial court's finding to the contrary was erroneous. *Cf. Dickson v. Dickson*, 169 So. 3d 287, 289–90 (Fla. 5th DCA 2015) (holding that because the parents had shared parental responsibility and could not agree on the minor child's schooling, "mother was required to obtain court approval before unilaterally un-enrolling the minor child from his former school and enrolling him in a different school"). Accordingly, because Mother's conduct of enrolling the minor children in school in Indian River County was not contemptuous, the trial court had no basis to vacate the Ratified Order or to order the return of the minor children to school in St. Lucie County.

Although moot in light of our holding, we note that even if the trial court had the authority to order the minor children to return to school in St. Lucie County, it could not have done so without first considering the best interests of the minor children. This is because "[t]he 'best interests'

5

of the child takes predominance over any agreement between the parents and must be independently determined by the trial court." *Puglisi v. Puglisi*, 135 So. 3d 1146, 1148 (Fla. 5th DCA 2014); *Jones v. Jones*, 674 So. 2d 770, 774 (Fla. 5th DCA 1996) (reiterating that "best interests of the children are to govern the custody decision, regardless of any stipulation between the parties"). Thus, assuming paragraph IX is still applicable, which is questionable considering Mother no longer resides in St. Lucie County, the trial court would first need to consider the best interests of the minor children before enforcing that paragraph.

Accordingly, we reverse the trial court's order granting Father's motion to vacate and ordering the minor children return to school in St. Lucie County. If the parties are still unable to reach an agreement on the school designation issue, the proper recourse is for the parties to initiate either an enforcement action or a modification action.

*Reversed.*

KLINGENSMITH, C.J., and GERBER, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***